GEORGE SITOMER et al., Plaintiffs, v. NORTH RIVER SAVINGS BANK, Defendant.

City Court of the City of New York, Trial Term, New York County, November 4, 1949.

*Gordon, Brady, Caffrey & Keller* for plaintiffs.
*Dillon & O'Brien* for defendant.

RIVERS, J. The plaintiffs George Sitomer and George Sitomer, Inc., bring this action in the name of themselves and the Sheriff of the City of New York pursuant to sections 943 and 944 of the Civil Practice Act and the order of this court. The action is against the North River Savings Bank and seeks to recover the interest of Leo Kovacz in a deposit now held by the defendant bank as a joint account for Leo Kovacz or Olga Kovacz amounting to $458.89.

The alleged claim of the plaintiffs arises as follows: George Sitomer and George Sitomer, Inc., sued Leo Kovacz in this court to recover certain sums of money and obtained jurisdiction of Leo Kovacz by having a warrant of attachment issued out of this court and levied by the Sheriff upon the defendant North River Savings Bank to attach the joint account of Leo and Olga Kovacz which was held and is held by that bank, which was followed by service by publication on Leo Kovacz. No jurisdiction has been obtained in any way whatsoever of Olga Kovacz and a letter sent to her by the defendant Bank to Havana, Cuba has been returned unopened and marked " No Reclamado — Non Reclame ". Upon the Sheriff demanding the bank to turn over to him this deposit the bank refused, following which the instant action was commenced against the bank. The bank in its answer bases its refusal to pay upon its contention that the account in question is a joint account of Leo and Olga Kovacz and that since Olga Kovacz has not been made a party to the action, the complaint of the plaintiff must be dismissed because the joint interest and ownership of Olga Kovacz in the said deposit cannot be affected when the court has no jurisdiction of her.

The account in question was opened with the signatures of Leo Kovacz and Olga Kovacz, each of whom signed an agreement with the bank to the effect that the account " is a joint account, from which any or all of the money deposited therein is payable on the signature of either of us, without the consent of or notice to the other, and is payable to the survivor of us ". The account, therefore, is governed by section 239 of the Banking Law and particularly subdivision 3, which provides that the deposit as it exists at any time is the property of the depositors (Leo Kovacz and Olga Kovacz) as joint tenants, and that the acquittance of the one to whom payment was made from the account on proper order, discharged the bank for all such payments made prior to the receipt by the bank of notice in writing not to pay such deposit in accordance with the terms thereof.

In view of this situation of fact and law, Leo Kovacz, as joint tenant, had a legal right against the bank for one half of the money existing in the deposit at any time (*Matter of Suter,* 258 N. Y. 104, 106; *Matter of McCarthy,* 164 Misc. 719, 724). The bank takes the position that since the holding that the two depositors are joint tenants of the account is based on a presumption which can be rebutted by either of the parties while both are living (*Moskowitz* v. *Marrow,* 251 N. Y. 380), that permitting any money to be taken from the account might deprive Olga Kovacz of a property right (the opportunity to prove that more than one half of the account belonged to her) without jurisdiction having ever been acquired over her. No precedent has been submitted or found deciding this precise question and hence this decision must rest upon the fair meaning and fair result which comes from an analysis of the various statutes and decided cases pertinent to the facts in this controversy.

It is my opinion that until the bank receives notice in writing not to pay the deposit in accordance with the terms thereof, it is under a duty to pay the whole or any part of the account out, upon the signature of either of the depositors, and also is a debtor to each of the depositors as joint tenants to the extent of one half of the amount on deposit at any given time. The problem involved here is not one of final ownership of the fund as between Leo Kovacz and his wife Olga Kovacz, but rather that of the obligation of the bank as a depository of the money. As stated in the *Moskowitz* case (*supra,* pp. 396–397) " for the Bank which has paid, the form of the account is, indeed, an absolute protection, unless written notice has been given by either one of the depositors * * * ' not to pay such deposit in accordance with the terms thereof.' For the depositors themselves, the form is not conclusive in any contest during their joint lives as to the title to the moneys * * *." It would seem to me that the absolute protection referred to in this quotation applies just as much where the bank pays out one half of the account as a result of a suit brought by a plaintiff against Leo Kovacz as when it pays out one half of the account as a result of a withdrawal order signed and presented to the bank by Leo Kovacz. The fact that the bank had so paid out one half of the account would still leave the wife (the other depositor) with a right to sue her codepositor or any taker from her codepositor to prove her full interest which had existed in the deposit.

It would seem to me for various reasons, that a decision in this case does not require a determination of the effect of paragraph

(a) of subdivision 6 of section 239 of the Banking Law one of which is this: that subdivision appears to refer to a case where the codepositor (Olga Kovacz in this case) has made claim to the deposit and there is no evidence here that any claim by writing or otherwise has been made upon the deposit by Olga Kovacz. In any event, in view of the fact that she is a joint tenant, the most that could be argued on any theory of implied claim, is that she makes claim to one half of the account, a thing which would not affect the decision which will be rendered in this case.

The motion of the defendant to dismiss the complaint is denied and judgment in accordance with sections 943 and 944 of the Civil Practice Act is directed in favor of the plaintiffs and against the defendant for one half of the balance remaining in this account, which makes the sum of $229.44, with interest from April 22, 1948.

The plaintiffs' application for an allowance of costs is denied in view of the circumstances attending the defendant's refusal to honor the Sheriff's request.

Submit order on two days' notice directing the entry of judgment in pursuance to this memorandum decision and in conformity with article 55 of the Civil Practice Act.