298 P.2d 174

**Mid A. RUSSO, Appellant,**

v.

**Sophie RUSSO, Appellee.**

**No. 6054.**

Supreme Court of Arizona.

June 12, 1956.

Marvin Johnson, Phœnix, for appellant.

Virginia Hash and Edgar Hash, Phœnix, for appellee.

WINDES, Justice.

Mid A. Russo filed complaint against Sophie Russo, his wife, setting forth two causes of action. The first cause asked for divorce and equitable distribution of certain alleged community property. The second cause alleged the parties were owners in joint tenancy with right of survivorship of the following described real property:

"That part of the Northeast one-quarter (NE ¼) of the Northeast one—quarter (NE ¼) of the Northwest one-quarter (NW ¼) of Section 23 Township 1 North, Range 5 East of the Gila and Salt River Base and Meridian described as follows:

"Beginning: 33 feet south of the Northeast corner of the Northeast one-quarter (NE ¼) of the Northwest one-quarter (NW ¼) of said Section 23; running thence west 66 feet; thence South to the South line of the North one-quarter (N ¼) of the Northeast one-quarter (NE ¼) of the Northwest one-quarter (NW ¼) of said section; thence East 66 feet; thence North to a point 33 feet South of the North line of said section, which is the point of beginning; said property lying within the corporate limits of the City of Mesa. Recorded in Docket 955 at page 94."

and asked the court to partition the same. The defendant counterclaimed, asking for a divorce and equitable distribution of property. The court made findings and rendered judgment giving defendant a divorce

and making distribution of their properties. Plaintiff does not appeal from that portion of the judgment granting the divorce but only from certain findings made and the portion of the judgment distributing properties.

Concerning the real property the trial court made the following finding of fact:

"Plaintiff and defendant caused the property to be placed in joint tenancy but at the time of the last hearing * * * the defendant had caused the property to again become community property."

and awarded the same to the defendant. Plaintiff contends that the court could not legally award the real property to the defendant for the reason that the undisputed evidence proves that such property was owned by the parties in joint tenancy.

■ The basis of the court's finding that the property after having been converted into joint tenancy had thereafter been reconverted into community property was that, while the case was pending, the defendant on advice of her counsel executed and delivered a quitclaim deed to one Murray Stewart who reconveyed the property to defendant. We are at a loss to understand upon what legal basis the court found this to be community property. Defendant testified in effect that the ownership of the property was changed to joint tenancy with the consent and agreement of both parties. When husband and wife own property as joint tenants, each owns his or her respective interest as separate property. Collier v. Collier, 73 Ariz. 405, 242 P.2d 537. It is elementary that neither spouse can convey the separate real property of the other. All defendant could convey to Stewart was her one-half interest; she could not convey plaintiff's interest. It still remained his separate property and the court cannot divest his title by calling it community property. We have held that the statutes relating to partition were available to the parties in a divorce action and that a cause of action for such partition may be joined with the complaint for divorce. Collier v. Collier, supra. The court therefore should have partitioned this property.

■ The court also made a finding that the defendant was entitled to her attorney fees in the amount of $250, but did not render judgment therefor or order that the plaintiff pay the same. Irrespective of the absence of this item in the judgment or in the form of an order to pay, no issue was created by the pleadings or otherwise as to the necessity or advisability of such requirement. Allowance of attorney fees is a discretionary power given the court by section 27–809, A.C.A. 1939, A.R.S. 1956, section 25–315. If a wife intends to invoke the exercise of this specially granted discretionary power, some form of request should be made and the husband given an opportunity to resist an order of this nature. Fairness demands that the husband be given the opportunity for a hearing and for making a showing on the question of

the reasonableness or advisability of such an order. State ex rel. De Armond v. Superior Court of Madison County, 216 Ind. 641, 25 N.E.2d 642.

 A black mare named Midnight which was given a value of $150 in the decree was found by the court to be community property. According to the undisputed evidence and the admission of defendant it was a gift to the plaintiff. The court erroneously found this item to be community property.

The case will have to be reversed for the purpose of making partition of the real estate owned by the parties in joint tenancy. The distribution of the property was made on an incorrect basis. We know not what division would have been made of what was correctly found to be community property had the court properly considered the real estate as separate property owned as joint tenants. We know of no way to adjust inequities, if any, resulting from this error except to require the trial court upon making partition of the joint tenancy property to re-examine, upon the basis of the values heretofore found, the distribution which was made of community property and if any inequities resulted from the court's erroneous distribution of the joint tenancy property make such adjustment as justice demands.

Judgment as to the property rights of the parties reversed and remanded for further proceedings not inconsistent with the rulings made herein.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.