No. 19,440.

FREDERIC J. RICE, ET AL. *v.* CITY OF ENGLEWOOD.

(362 P. [2d] 557)

Decided June 5, 1961.

Mr. SHELDON S. EMESON, Mr. GEORGE O. BAKKE, for plaintiffs in error.

Mr. HARRY E. CARLENO, Mr. JOSEPH W. ESCH, for defendant in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

PLAINTIFFS in error will be referred to as plaintiffs, the position they occupied in the trial court where they instituted statutory action to test the validity of an annexation. A petition had been filed pursuant to C.R.S. '53, 139-11-2 and 3, by defendants seeking to annex a tract of 134 acres to the city of Englewood. The petition disclosed signatures of owners of 89 acres of land excluding the streets and alleys together with signatures of five of the nine residents of the area. It also appeared that the aggregate external boundary was 19,312 lineal feet of which 3,963 lineal feet was contiguous to Englewood.

In their complaint plaintiffs alleged that the property could not be annexed because of (1) failure to meet the contiguity requirements; (2) there is not included more than fifty percent of the area of such territory and it does not include a majority of the land owners residing in the territory at the time the petition was filed; (3) that the proposed annexation would deprive plaintiffs of their property without due process of law.

At the conclusion of the plaintiffs' case the court granted the motion of defendant for dismissal.

The issues to be determined are:

I. *Does one-sixth of the aggregate external boundaries of the territory annexed coincide with the existing boundaries of the annexing municipality?*

II. *Does the petition contain signatures of owners of more than fifty percent of the area to be annexed and do the signatures constitute a majority of the landowners residing in the territory?*

I.

*The Contiguity Question*

Plaintiffs argue that the statutory requirement of contiguity is not satisfied where part of the area to be annexed is bounded by a ditch, the east side of which is contiguous to Englewood. It is said that the presence of the ditch renders the area lying beyond the ditch non-contiguous. We must reject this contention. C.R.S. '53, 139-11-2, supra, provides *inter alia* that territory

shall be eligible for annexation if otherwise contiguous "but is non-contiguous solely because * * * a lake, reservoir, stream or other waterway lies between the municipality and the territory proposed to be annexed."

This statutory provision is fully applicable to the facts before us. The area adjoining the ditch is under the statute contiguous to Englewood.

## II.
### Sufficiency of the Petition to Satisfy
### the Area and Resident Requirements.

C.R.S. '53, 139-11-3, supra, provides in pertinent part that annexation is initiated by a petition "signed by the owners of more than fifty percent of the area of such territory who shall also comprise a majority of the landowners residing in the territory at the time the petition is filed."

■ There are two statutory requirements: First, the annexation petition must be signed by the owners of more than fifty percent of the land area. This is without reference to whether the signers reside and pay taxes within the territory proposed to be annexed. A second statutory demand is that the petition be signed by "a majority of the landowners residing in the area at the time the petition is filed." These are distinct requirements but both were satisfied in the case at bar. Here signers of the annexation petition owned well over fifty percent of the land proposed to be annexed. At the same time five of the nine resident signers were favorable to the annexation. The fact that these *resident* owners represented a percentage of property less than fifty percent is inconsequential since much more than fifty percent of the *area* (a total of 66%) was represented by resident and non-resident owners.

■ A further contention of plaintiffs that owners of land in joint tenancy are not entitled to sign and to be counted with the resident landowners is without merit. Each joint tenant owns an interest and is in his own right a landowner.

36

III.

We deem it unnecessary to consider plaintiffs' further argument that the resident signers must also be qualified electors. It appears indisputably from the petition (which was uncontradicted) that a majority of the resident owners were also qualified electors. Thus the legal consequence of the 1957 modification of C.R.S. '53, 139-11-8, 1957 Cum. Supp., is not before us.

No error in law being apparent, the judgment is affirmed.