475 P.2d 712 (1970)
Olga LARSON, Plaintiff in Error,
v.
Armond GOODMAN, Administrator, Defendant in Error.
No. 70-280, (Supreme Court No. 23546.)
Colorado Court of Appeals, Div. II.
August 5, 1970.
Rehearing Denied August 25, 1970.
Certiorari Granted October 29, 1970.
Richard C. Lonnquist, Hoffman, Goldstein & Armour, a Professional Corporation, Denver, for plaintiff in error.
Albert W. Gebauer, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Olga Larson, plaintiff in error, shall be referred to as plaintiff. Armond Goodman, defendant in error, shall be referred to as "Armond." Lillian Goodman, deceased daughter of plaintiff in error and deceased wife of defendant in error, shall be referred to as "Lillian."
This case involves the validity of an agreement entered into by a husband and a wife relative to their separation, and the effect that a subsequent reconciliation had upon that agreement.
These parties to the agreement were married in February 1964. A few months later they consulted an attorney who drew up an agreement, entitled "Separation Agreement," which was signed by both husband and wife. In part, the agreement provided that Armond Goodman would pay $7,000 to Lillian Goodman in lieu of any claim by her for alimony or division of property.
*713 Also, the agreement provided that each "* * * party hereby waives and releases any and all right in and to any and all property owned by the [other] party * * *."
The agreement was signed on July 23, 1964, and the next day Lillian Goodman filed suit for divorce and left the family home in Akron, Colorado. Approximately ten days later, Lillian returned to live with Armond. On November 13, 1964, Lillian wrote to her attorney stating that she and Armond had reconciled and authorizing him to dismiss the divorce action. On November 28, 1964, while the parties were on a trip to Oklahoma, Lillian was killed in an automobile accident.
Armond was appointed administrator of Lillian's estate in December 1964. The estate was closed in April 1966 and Armond was declared to be the sole heir to Lillian's estate and entitled to all assets therein.
In December 1966 plaintiff petitioned to reopen the estate. After a hearing before the trial court in which evidence was presented, her petition was denied.
It is plaintiff's contention that by the terms of the "Separation Agreement," Armond had waived all of his rights to the property owned by Lillian, and that plaintiff therefore should inherit this estate as the next heir in succession.
Counsel for plaintiff argues that a distinction exists between agreements pertaining to the terms of a separation and agreements pertaining to the division of property and that even though an agreement may be entitled "Separation Agreement" it may, in fact, be a property settlement agreement which is not automatically revoked upon reconciliation unless the parties so intend.
Conceding the validity of plaintiff's argument that a distinction does exist between a separation agreement and a property settlement agreement, we find no reason to reverse the decision made by the trial court.
The rule is that, upon reconciliation, agreements pertaining to separation and support are abrogated, provided the reconciliation is intended to be permanent. In Re Estate of Matteote, 59 Colo. 566, 151 P. 448; Hall v. Hall, 328 S.W.2d 541 (Ky.); Williams v. Williams, 261 N.C. 48, 134 S.E.2d 227. However, the general rule is that reconciliation does not automatically terminate property settlement agreements. Grossman v. Grossman, 234 Md. 139, 198 A.2d 260. The courts in such cases will look to the intent of the parties to determine if reconciliation was meant to revoke the property settlement agreement. Gordon v. Gordon, 335 S.W.2d 561 (Ky.). The question of whether or not reconciliation affects a property settlement agreement is a question of fact to be determined by the evidence. In Re Estate of Wolfe, 48 Cal.2d 570, 311 P.2d 476.
The trial court made a careful review of all the evidence and found that, based on the general conduct of both parties, there had been a reconciliation, and that there was an intent to abandon the agreement. These findings are fully supported by the evidence and, based on these findings which we are not at liberty to disturb, we hold that the reconciliation of the parties abrogated all of the terms of the agreement as to the separation provisions and as to the property settlement provisions.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.