500 P.2d 635

Dan MUSKER and Christine D'Andrea
Musker, his wife, Appellants,

v.

GIL HASKINS AUTO LEASING, INC., an
Arizona corporation, Appellee.

No. I CA–CIV 1784.

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 22, 1972.

Taylor & Petica, by Ronald H. Petica, Scottsdale, for appellants.

Berry & Herrick, by Richard S. Berry, Tempe, for appellee.

CASE, Judge.

This is an appeal from that part of a judgment of the Superior Court of Maricopa County finding that the appellants were

owners of a checking account as joint tenants with the right of survivorship and that the appellee, as a judgment creditor of one joint tenant, was entitled to fully satisfy the judgment by garnishment of the checking account. The parties herein will be referred to as they appeared in the trial court.

On 26 September 1969, approximately one year before her marriage to defendant Dan Musker, the defendant, Christine D'Andrea Musker, entered into a lease agreement with plaintiff's predecessor in interest. The subject of the lease was the rental of an automobile.

A short time after the defendants' marriage, the lease agreement was breached and the automobile was repossessed by plaintiff. Thereafter, plaintiff instituted suit against the defendants seeking to recover damages for breach of the lease agreement. As part of the lawsuit, the plaintiff proceeded to garnish a checking account at the Great Western Bank Scottsdale office. The checking account was in the name of both defendants.

The checking account had been opened prior to the defendants' marriage and the original signature card showed the maiden name of defendant wife and the name of her husband. After the marriage, a new signature card was executed with the defendants signing their married name. On both cards a box entitled "joint tenant" was checked, this being the only designation as to the nature of the account.

Thereafter, the parties stipulated to dismissal of the suit as against defendant Dan Musker and a hearing was held on the determination of the character of the bank account. After hearing the evidence and after due deliberation, the trial court found, in an amended judgment, that:

" . . . at the time Account No. 8317–0530 was opened at the Great Western Bank & Trust by defendants, they opened same as joint tenants;

THE COURT further finds that at the time said account was garnished, and at the present time, said account is and has been maintained by defendants DAN MUSKER and CHRISTINE D'ANDREA MUSKER as joint tenants with right of survivorship, and not as community property or a tenancy in common; and the Court having heretofore entered judgment against defendant CHRISTINE D'ANDREA MUSKER in her sole and separate capacity . . ."

The Court also ordered that the plaintiff recover from Great Western Bank & Trust, as garnishee-defendant, the full amount of the judgment as entered against defendant Christine Musker, together with costs. The defendants appealed therefrom.

The initial question confronting this Court on appeal is whether the trial court correctly determined that the garnished bank account was an account being held in joint tenancy as opposed to community property.

■ It is well settled under Arizona law that this Court must view the evidence and all reasonable conclusions drawn therefrom in a light most favorable to sustaining the trial court's determination unless there is clear and convincing evidence that the trial court abused its discretion in determining the nature of property as community or separate. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968).

■ Under the facts, as stated in the record before us, it is evident that the trial court was correct in its determination. The checking account in question was opened, created and acquired prior to defendants' marriage and there is no clear or convincing evidence that the character of the account changed upon the defendants' marriage. The account retained the same number both before and after the marriage and testimony by the bank official indicates that there was also no change in the bank's method of administering the account.

On prior occasions in determining the rights of parties to a bank account, this Court has addressed itself to the time when the account was created. Saylor v. Southern Arizona Bank & Trust Company,

8 Ariz.App. 368, 446 P.2d 474 (1968). The account in question was created one year prior to defendants' marriage.

**[3, 4]** The defendants correctly argue that there is a legal presumption that all property *acquired* by either spouse during coverture takes on community character. However, the bank account in question was created prior to, not subsequent to, the marriage. The authority used by defendants to support their claim also holds that once the character of property has been determined, it does not change except by agreement or operation of law. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132 (1948). They neglect, however, to point out that "the character of the property, as to being separate or community, becomes fixed at the time it is acquired." Pendleton v. Brown, 25 Ariz. 604, 221 P. 213, 215 (1923). The property in the case at bar was a bank account acquired by defendants as joint tenants and was property in which they each retained their undivided and separate interest. The character of the property did not change by the mere act of marriage.

In addition, the defendants urge that the intent of the parties to change the account from one type to another is controlling. This rule, however, is only applicable where there is no writing which is conclusive as to whether a bank account belongs to one party or is held by both as tenants in common or joint tenants. 10 Am.Jur.2d, Bank § 369. The defendants rely heavily on their unknown intentions that the account was to be used to pay community expenses, but as stated by this Court in O'Hair v. O'Hair, 16 Ariz.App. 565, 494 P.2d 765, 772 (1972):

". . . However, it has always been the rule that subjective, undisclosed intent cannot prevail over the objective expression of intent which may be fairly inferred from the written document. Vinnell Corp. v. State Ex. Rel. Bob Skousen Contr. Inc., 15 Ariz.App. 576, 490 P.2d 21 (1971)."

The facts of this case reveal that there were, in fact, two writings, i. e., the two signature cards signed by the defendants which established the account as one held in joint tenancy. It is also clear that the defendants' intent remained undisclosed until the trial.

Based on the facts before us, it is our opinion that the trial court correctly determined the character of the checking account to be an account held in joint tenancy.

Having determined that the bank account in question was held in joint tenancy, we need only decide whether the judgment creditor of one joint tenant can satisfy the judgment by garnishment of all the funds in the account.

There has been a great deal of conflict and controversy concerning the right of a creditor in attacking the interest of his debtor in a joint bank account.[1] After reviewing authorities in several jurisdictions, it appears that most courts allow a joint bank account to be garnished by a creditor of one joint tenant. *See,* Olshan v. East New York Savings Bank (1939, D.C.N.Y.), 28 F.Supp. 727; Spear v. Farwell, 5 Cal. App.2d 111, 42 P.2d 391 (1935); Tinsley v. Bauer, 125 Cal.App.2d 724, 271 P.2d 116 (1954).

The law in Arizona is not at odds with the majority of jurisdictions. The law in Arizona regarding garnishment of a bank account in the names of two or more persons is set out in A.R.S. § 12–1595. The relevant sections are set forth as follows:

"§ 12–1595. Garnishment of bank account in names of two or more persons; bond of plaintiff

A. A bank deposit made in the names of two or more persons shall be subject to garnishment.

---

**1.** See annotation: Joint Bank Account as Subject to Attachment, Garnishment or Execution by Creditor of one of the Joint Depositors, 11 A.L.R.3d 1465 (1967).

* * * * * *

C. The answer of the garnishee, in such case, shall state under oath the names of all persons who appear from the business records of the garnishee to have an interest in the bank account in addition to the defendant. Upon the filing of the answer the court shall join all persons who appear to have an interest in the bank account in addition to the defendant, as reflected by the answer of garnishee, and shall proceed to a determination of the interest of the defendant therein.

* * * "

A joint bank account by its very nature is an account in the names of two or more people.

The problem arises when attempting to determine what interest a given joint tenant has in the account. The various jurisdictions which generally view a joint bank account as vulnerable to garnishment also are in general agreement that absent evidence establishing sole ownership of a joint bank account by one party, only the one-half interest of the debtor depositor is subject to garnishment by a creditor. *See,* United States v. Third Nat. Bank & Trust Co. (1953, D.C.Pa.), 111 F.Supp. 152; Sitomer v. North River Sav. Bank (1949), 196 Misc. 870, 95 N.Y.S.2d 402; Spear, supra. *See also,* Footnote 1.

The plaintiff argues most strenuously that since a joint tenant has the right to possess the whole of the estate that all of the bank account may be applied to the debt of one joint tenant. We disagree.

As pointed out in 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 7, p. 98:

". . . such tenants (referring to joint tenancy) were seised of the entire estate for the purpose of tenure and survivorship but of only an undivided part of interest for the purpose of forfeiture or immediate alienation."

The Court in O'Hair, supra, was also concerned with the interest of one joint tenant. We stated:

"As to the rights in a joint bank account, . . ., we hold in absence of a written agreement to the contrary that at a legal minimum the parties to a joint bank account acquire an undivided one-half interest in that account." 494 P.2d at 771.

This holding follows the general rule that "when husband and wife own property as joint tenants, each owns his or her respective interest as separate property." Russo v. Russo, 80 Ariz. 365, 298 P.2d 174 (1956). *See also* Collier v. Collier, 73 Ariz. 405, 242 P.2d 537 (1952).

We find no authority in Arizona holding that the entire proceeds of a bank account, in the names of two or more people, are subject to garnishment where a judgment is rendered against only one of the parties having an interest in the account and, accordingly, in conformance with the reasoning in O'Hair, supra, and Russo, supra, we are of the opinion that the defendants in the instant litigation each owned an undivided one-half interest in the bank account and only the one-half interest of Christine Musker is subject to garnishment.

The cause is hereby remanded to the trial court to modify its judgment in conformity with this opinion.

STEVENS, P. J., and DONOFRIO, J., concur.