554 P.2d 718 (1976)
Ronald J. PALIPCHAK and Laura L. Pallpchak, Plaintiffs-Appellees,
v.
KENT CONSTRUCTION COMPANY, Defendant-Appellant.
No. 75-776.
Colorado Court of Appeals, Div. II.
July 22, 1976.
Cook & Vockrodt, John F. Cook, Aurora, for plaintiffs-appellees.
Berenbaum, Berenbaum, Weinberger & Susman, Michael L. Ehrlich, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Defendant, a developer and seller of townhouses, appeals from a summary judgment in favor of plaintiffs, which judgment allowed them to recover the money deposited by them in anticipation of the purchase of a townhouse. We reverse.
On September 5, 1974, plaintiffs entered into a contract for the purchase of a townhouse from defendant. Plaintiffs deposited *719 $2,250 with defendant in accordance with the terms of the contract. The plaintiffs had 15 days to obtain financing for the balance of the purchase price (less $1,000 to be paid at the time of delivery of title insurance) and were to notify defendant in the event such financing was unavailable. The pertinent clause in the agreement reads as follows:
"This contract is contingent upon the Purchaser obtaining within 15 days from the date hereof a mortgage commitment for $26,000 with interest at not more than 8¾ + ¼ to be amortized over 30 years. If after exercising due diligence Purchaser is unable to obtain such commitment within the time specified above, this contract shall be null and void and all sums paid shall be returned to Purchaser provided that within the above specified time Purchaser shall serve written notice on Seller or its agent of his inability to secure the commitment and provided further that Seller or its agent on behalf of Purchaser are unable to secure a commitment within an equal number of days of receipt of said notice."
Plaintiffs notified defendant on September 25, 1974, 20 days after the execution of the contract, of their inability to obtain financing. Plaintiffs demanded the return of their deposit and defendant refused.
The trial court, in granting plaintiffs' motion for summary judgment, construed the contract to read that the 15 days for giving notice to seller began at the time the purchaser received knowledge of his inability to finance, rather than 15 days from the execution date of the contract. On that construction, plaintiffs' notice on September 25 was in compliance with the contract entitling plaintiffs to a refund of the deposit.
Defendant maintains that the court erred by adding language to a contract that was clear and unambiguous on its face, thereby rewriting the contract. We agree that the contract appears unambiguous on its face, but an ambiguity arises if a purchaser attempts to perform according to its terms. That is, under the contract a purchaser is to have 15 days in which to seek financing, but he would not have a full 15 days if within that period he also had to give written notice to seller. Since no other time period is expressed in which to give such notice, the required performance under the contract becomes ambiguous when it becomes necessary to give the notice to seller.
Written documents containing ambiguities, or unclear language or meaning, are to be construed in accordance with the intent of the parties, and any evidence which shows such intent is important. Leach v. LaGuardia, 163 Colo. 225, 429 P.2d 623; Hammond v. Caton, 121 Colo. 7, 212 P.2d 845. In the case at hand, the trial court granted plaintiffs' motion for summary judgment, thereby precluding any testimony or evidence concerning this intent. This was error.
As was stated in Metropolitan Paving Co. v. Aurora, 449 F.2d 177 (10th Cir.):
"[O]nce it has been determined that an ambiguity [in a contract] exists, and where the construction to be given a contract depends upon extrinsic facts and circumstances, then the terms of the contract are generally issues of fact not lawand as such are to be determined in the same manner as other disputed factual issues, i.e., by either a jury or ... by the trial court sitting without a jury."
Thus, after having found the terms of the contract to be ambiguous and in need of interpretation, the court should have denied the motion for summary judgment. See School District #6 v. Grant, 156 Colo. 328, 399 P.2d 101.
The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
SMITH and VanCISE, JJ., concur.