576 P.2d 150

**In the Matter of the ESTATE of Elmer Jesse MESSER, Deceased.**

**Suzanne MESSER, Frank Messer and Martha Messer, minors, by their next friend Mary E. Messer, Therese Messer and Mary E. Messer, Appellants,**

v.

**June B. MINER and Thomas Aranda, Jr., Personal Representative under the Will of Elmer J. Messer, Deceased, Appellees.**

**No. 1 CA–CIV 3607.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 21, 1978.

Robert C. Moore, Phoenix, for appellants.

Combs, Foley & Clark by Christopher A. Combs, Phoenix, for appellee Miner.

DePrima & DeLeon by Gregory J. Lyon, Phoenix, for appellee Aranda.

## OPINION

JACOBSON, Judge.

The primary issue on appeal is the effect of an amended judgment for separate maintenance on the rights of a surviving spouse and surviving children to an allowance in lieu of homestead, exempt property allowance, and family allowance pursuant to A.R.S. §§ 14–2401, 14–2402, 14–2403, respectively.

Elmer Jesse Messer died on July 28, 1975 leaving a will which devised all his property to appellee, June B. Miner, and appointed appellee, Thomas Aranda, Jr., as personal representative. The appellants are Mary Elizabeth Messer, Elmer's surviving spouse, and his four children who were minors at the time of his death. The appellants filed a petition in the probate court asking for statutory allowances. Following a hearing, the court entered an order on June 1, 1976 which provided a $4,000.00 lump sum settlement to Mrs. Messer for "all support claims, including future support claims, of the three minor children . . .." (One child became eighteen years of age after her father's death but prior to the hearing.) At the time of Mr. Messer's death, the total value of the estate was approximately $13,-400.00.

Mary E. Messer and the deceased had been married for nearly 33 years. In 1964, a decree of separate maintenance had been entered by the Superior Court of Maricopa County. An attempted reconciliation failed and the couple did not live together after 1965.

The original decree of separate maintenance required Mr. Messer to pay $475.00 a month for the support of his wife and at that time, nine minor children. Mr. Messer filed a petition for dissolution of the marriage in January, 1975, at which time he was approximately $36,000.00 in arrears for support payments under the separate maintenance decree. Through their attorneys, Mr. and Mrs. Messer joined in a stipulation to amend the 1964 judgment.[1] The order entering the amended judgment was signed by the court on January 21, 1975. The legal consequences of this amended judgment are at issue on this appeal. Appellees contended, apparently successfully, that this amended judgment was a complete property settlement under the provisions of A.R.S. § 14–2204 [2] thus prohibiting Mrs. Messer

---

1. The stipulation also provided that neither party would file a petition for dissolution for at least one year. Both parties were apparently concerned with the effect of dissolution on var-

ious military benefits being received by Mrs. Messer and the children.

2. A.R.S. § 14.2204 provides in part: ". . . a complete property settlement entered into

and the minor children from collecting an allowance in lieu of homestead or exempt property allowance from the estate. The parties concede that the statutory basis for a lump sum settlement of $4,000.00 was made pursuant to the discretionary powers of the court under A.R.S. § 14–2403. (family allowance.)

■ There is no factual dispute over the terms of the amended judgment. It contained five major provisions: (1) Both parties were to live separately; (2) Mr. Messer was released from his indebtedness for past due support payments; (3) Mrs. Messer received the family home, household furnishings, and automobiles as her sole and separate property; (4) Mrs. Messer received custody of the four minor children; and (5) Mr. Messer would pay $110.00 a month as child support.[3] Had there been any evidence at trial that all community property was distributed, we would be compelled to accept as true the evidence which most strongly supports the trial court's holding that a complete property settlement had been made. *See Feffer v. Newman,* 17 Ariz.App. 273, 497 P.2d 389 (1972). However, we need not disregard uncontradicted evidence that undermines the trial court's conclusion. *See, Tena v. Yorgulez,* 24 Ariz.App. 311, 538 P.2d 398 (1975).

■ The uncontradicted evidence in the record is that the 1975 judgment contains no express language to the effect that it was intended to be a property settlement, and substantial assets which are presumptively community property were not included within the judgment.

Mr. Messer was the insured on five life insurance policies purchased during his marriage to Mary Messer and prior to their separation. Assets acquired during marriage are presumptively community property. *See,* A.R.S. § 25–211; *Guerrero v. Guerrero,* 18 Ariz.App. 400, 502 P.2d 1077 (1972); *Musker v. Gil Haskins Auto Leasing, Inc.,* 18 Ariz.App. 104, 500 P.2d 635 (1972). No evidence was presented to the probate court to rebut this presumption. Although the value of most of these properties was minimal because Mr. Messer had borrowed against their value, one policy for $10,000 constitutes the bulk of the estate now being litigated.

■ During the time that the Messers lived separately, Mr. Messer purchased a truck and was making payments on a mobile home. The record is not clear whether the truck or mobile home were purchased before or after the amended judgment. Property acquired with the earnings[4] of a husband during a period of legal separation is community property. *See, Guerrero, supra.*[5] Appellee did not offer evidence to show that the truck or mobile home were acquired with other than community funds. If the purchases were initiated before the January 21, 1975 judgment, this property was also community property not disposed of by the judgment. However, we cannot make that determination from the record before us.

■ Appellee correctly argues that once a complete property settlement has been reached, A.R.S. § 14–2204 presumes a waiver of allowance in lieu of homestead, exempt property allowance and family al-

after . . . legal separation . . . is a waiver of all rights to an allowance in lieu of homestead, exempt property and family allowance by each spouse in the property of the other . . . ."

**3.** Evidence was presented to show that the primary difference between this order and the 1964 decree was to reduce support payments, forgive arrearages, and to establish the family home as Mrs. Messer's property. The home had been paid for largely by Mrs. Messer's parents and the automobiles were gifts from Mrs. Messer's parents.

**4.** Although Mr. Messer was apparently receiving no wages or salary during the years immediately prior to his death, he was receiving military retirement benefits which are considered earnings for purposes of community property. *See, Van Loan v. Van Loan,* 117 Ariz. 272, 569 P.2d 214 (1977).

**5.** A 1973 amendment to A.R.S. § 25–211 removed the distinction between wives' and husbands' earnings during legal separation. The earnings of either spouse during legal separation are now considered community property.

lowance. However, that presumption is reached only after a determination that a complete property settlement has been made. Because there is uncontradicted evidence that five insurance policies which constituted a substantial portion of community assets were not covered by the 1975 amended judgment, we find it clearly erroneous for the trial court to have concluded that there had been a complete property settlement. Consequently, Mary E. Messer is entitled to an allowance in lieu of homestead, exempt property allowance, and family allowance as the surviving spouse of Elmer Jesse Messer.

We also note that even if the judgment were in fact a complete property settlement, as to Mrs. Messer, it would not have defeated the rights of decedent's four minor children to their statutory allowances. A.R.S. § 14–2802 provides the definition of "surviving spouse" to be used in construing A.R.S. §§ 14–2401, 14–2402 and 14–2403.[6]

"B . . . a surviving spouse does *not* include:

\* \* \* \* \* \*

"3. A person who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights." (Emphasis added.)

Therefore, under A.R.S. §§ 14–2401, 14–2402 and 14–2403, if Mrs. Messer had been a party to a complete property settlement, there would have been no surviving spouse and the four children who were minors when Mr. Messer died would have been entitled to the allowances.

We reverse and remand this matter to the trial court to grant the allowance in lieu of homestead and the exempt property allowance to appellant, Mary E. Messer, in accordance with this opinion and to dispose of any remaining portion of this estate as either family allowance pursuant to A.R.S. § 14–2403 or under the terms of decedent's will.

Judgment reversed.

EUBANK, P. J., and OGG, J., concur.

___

6. These statutes provide as follows:

A.R.S. § 14–2401. Allowance in lieu of homestead.

". . . If there is no surviving spouse, each dependent child of the decedent is entitled to an allowance of six thousand dollars divided by the number of dependent children of the decedent. . . ."

A.R.S. § 14–2402. Exempt property.

"In addition to the allowance in lieu of homestead the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding three thousand five hundred dollars in excess of any security interests therein in household furniture, automobiles, furnishings, appliances and personal effects. If there is no surviving spouse, dependent children of the decedent are entitled jointly to the same value. . . ."

A.R.S. § 14–2403. Family allowance.

". . . It is payable to the surviving spouse, for the use of the surviving spouse and dependent children. If the spouse is not living the allowance is payable to the children or persons having their care and custody."