603 P.2d 117

**Mary L. FERREE, Petitioner-Appellee,**

v.

**CITY OF YUMA, a Municipal Corporation, Respondent-Appellant.**

**No. 1 CA–CIV 4299.**

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 15, 1979.

William E. Farrell, Yuma City Atty., Yuma, for appellant.

Byrne, Bradshaw, Ellsworth, Benesch & Thode, P. C., by Thomas A. Thode, Yuma, for appellee.

## OPINION

EUBANK, Presiding Judge.

This appeal involves the validity of annexation proceedings enacted by appellant City of Yuma in September 1976. Appellee Mary L. Ferree, an owner of land in the affected area, brought a petition to question the validity of the annexation pursuant to A.R.S. § 9–471(C). After discovery, both parties moved for summary judgment. The trial court granted appellee's motion, holding that the annexation petition failed to contain the signatures of the owners of property whose assessed valuation exceeded half of the valuation of the entire territory sought to be annexed. This appeal followed.

In reviewing the trial court's summary judgment, we examine the entire record in a light most favorable to the losing party, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Wisener v. State of Arizona*, 123 Ariz. 148, 598 P.2d 511 (1979). A motion for summary judgment may be granted only when the record demonstrates that there are no material questions of fact, and that based upon the undisputed material facts, the moving party is entitled to judgment as a matter of law. *Giovanelli v. First Federal Savings and Loan Association of Phoenix*, 120 Ariz. 577, 587 P.2d 763 (App.1978).

City annexation proceedings are governed by A.R.S. § 9–471. It provides in part,

§ 9–471. Annexation by petition

A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, . . . the governing body of the city or town may, by ordinance, annex the territory to such city or town.

In 1967, the Legislature amended A.R.S. § 9–471 to allow interested parties to contest annexations. A.R.S. § 9–471(C) states:

C. Any city or town, the attorney general, the county attorney, or other interested party may upon verified petition move to question the validity of the annexation for failure to comply with the provisions of subsection A, paragraphs 1 and 2. The petition shall set forth the manner in which it is alleged the city or town has failed to comply with the provisions of subsection A, paragraphs 1 and 2, and shall be filed within thirty days of the first reading of the ordinance annexing the territory by the governing body of the city or town and not otherwise. The burden of proof shall be upon the petitioner to prove the material allegations of his verified petition. No action shall be brought to question the validity of an annexation ordinance unless brought within the time and for the reasons provided in this subsection. All hearings provided by this section and all appeals therefrom shall be preferred and heard and determined in preference to all other civil matters, except election actions. In the event more than one petition questioning the validity of an annexation ordinance is filed, all such petitions shall be consolidated for hearing.

Thus the appellee has standing to question the annexation.

The parties have stipulated that the total assessed valuation of the annexation territory is $639,332.83, and that the assessment amount of owners' signatures necessary to confer jurisdiction upon the City to consider the annexation is $319,666.41. The assessed value of the property on the annexation petition, including those parcels which have been questioned by the appellee, is $341,-975.83.

The appellee made two major contentions contesting the validity of the annexation before the trial court. First, she claimed that the signature of one joint tenant would be insufficient to raise the presumption that the joint tenant had authority to act on behalf of the undivided interest of the

other joint tenant or tenants. Second, she asserted that the express disclaimer of authority by a non-signing spouse or joint tenant would rebut any presumption of an agency for the other spouse or joint tenant to act on behalf of the affiant. The trial court rejected the first contention, and held for the appellee on the basis of the second assertion. We find that it is not necessary to reach the second assertion since we decide this case on the basis of the first contention.

In the instant case, it is uncontroverted that twenty-three of the parcels included in the petition were held by the owners in joint tenancy, and that, in those parcels, only one of the joint tenants had signed the annexation petition on behalf of the parcel. These parcels have a total assessed value of $118,348.00. Each of these joint tenancies has but two joint tenants, both with the same last name. For the purposes of our analysis, we will assume that these joint tenants are married to one another. Accordingly, appellee contends that the non-signing joint tenants' interest of $59,174.00 was improperly included in the determination of the sufficiency of the annexation petition. If appellee is correct, then the petition is endorsed by property with an assessed valuation of only $282,801.83, and the City of Yuma lacked the statutory authority to consider the annexation.

Appellant contends that it can be presumed that the joint tenants here had the apparent authority to sign the annexation petition on behalf of the other joint tenants. We conclude to the contrary.

█ The Arizona courts have held in annexation cases that a signing spouse may be presumed to be an agent of the other spouse as to their *community* property interest, in the absence of evidence indicating a lack of authority, *City of Phoenix v. State of Arizona ex rel. Harless*, 60 Ariz. 369, 137 P.2d 783 (1943); *McCune v. City of Phoenix*, 83 Ariz. 98, 317 P.2d 537 (1957). However, married joint tenants hold their joint tenancy interest as separate property. *Russo v. Russo*, 80 Ariz. 365, 298 P.2d 174 (1956); *Musker v. Gil Haskins Auto Leasing Co.*, 18 Ariz.App. 104, 500 P.2d 635 (1972). Thus, the status of parties, as joint tenants will not, by itself, create an agency between them. *Pearson v. Winfield*, 160 Ind.App. 613, 313 N.E.2d 95 (1964); *Jacobs v. City of Chariton*, 245 Iowa 1378, 65 N.W.2d 561 (1954). Nor will the relationship as husband and wife, alone, make one spouse an agent for the other. In *State Farm Mutual Automobile Insurance Company v. Long*, 16 Ariz.App. 222, 225, 492 P.2d 718, 721 (1972), we said:

> The only meaningful difference between a principal-agent relation existing between spouses and that existing between non-spouses is the degree of proof required to establish and define the agency relationship. The scope of the agent's authority once established rests on the same general principles of agency as applied to other classes of persons.

█ If there is some indicia of agency presented then one spouse will be presumed to have the authority to sign an annexation petition on behalf of the other spouse's separate property, and the party objecting to the ordinance will have the burden of submitting evidence to show the lack of authority of the signing spouse. For example, in *McCune v. City of Phoenix, supra*, one person signed the petition as "Bruce Leyton by M. Leyton," and also as "Marion C. Leyton." The court included that parcel's full valuation in the annexation petition. The inscription on the instrument, coupled with the presumed regularity of the annexation petition, ordinance and proceedings resulted in a finding of authority. 83 Ariz. at 103, 317 P.2d at 540. Likewise in *McCune*, the signature of a wife on behalf of her husband's separate property was included following the husband's testimony that he had authorized his wife to sign on his behalf. *Id.*

█ However, absent *any* indicia of agency, the signature of one spouse cannot be presumed to also represent the separate property interest of the other spouse. As noted previously, the spouses are not agents of one another as joint tenants. Because each spouse has the sole management, con-

**228**

trol and disposition rights of his or her separate property, A.R.S. § 25–214(A), it follows that the authority to sign an annexation petition on the behalf of one's spouse must be affirmatively delegated by that spouse. The sole signature of one joint tenant thus cannot be presumed to indicate the authority of the other joint tenant to have his property interest included on the annexation petition. On a deed it severs the joint tenancy. *Smith v. Tang*, 100 Ariz. 196, 412 P.2d 697 (1966). Some indicia of agency must be shown before we can employ a presumption on behalf of agency.

The case of *State v. City of Reno*, 73 Nev. 136, 310 P.2d 850 (1957) is useful. Nevada's annexation procedures differ from ours in that they require that a numerical majority of property owners of the affected area approve of the proposed annexation. The question before that court was whether the ownership of property by a husband and wife should be considered as a single ownership, or as two ownerships. After noting a lack of authority on the issue, the Nevada Supreme Court wrote at 310. P.2d 851:

> Where undivided interests in property are owned by two or more persons, each can certainly qualify independently as a property owner. We see no reason for excepting married owners from such [a] rule.

*See also, Rice v. City of Englewood*, 147 Colo. 33, 362 P.2d 557, 559 (1961) which notes in annexation matters, "[e]ach joint tenant owns an interest and is in his own right a landowner."

We hold that absent indicia of agency, where only one joint tenant signed the annexation petition, only that joint tenant's proportionate undivided interest may be included in determining whether the petition has been signed by the owners of property whose assessed valuation exceeds one-half of the valuation of the area sought to be annexed. In this instant case one-half of the $118,348.00 total assessed value of the twenty-three joint tenancy parcels, or $59,174.00, was improperly included on behalf of the annexation petition. With its removal, the annexation petition was endorsed by property owners with an assessed property valuation of only $282,801.83. Therefore, the appellant has failed to meet the statutory minimum of $319,666.41. The summary judgment of the trial court is affirmed.

OGG, C. J., and HENRY S. STEVENS, J., Retired, concurring.