In re the MARRIAGE OF Rosemary V. REESER, Appellee,

and

John F. Reeser, Appellant.

No. 80CA0852.

Colorado Court of Appeals, Div. II.

Oct. 22, 1981.

Spurgeon, Haney & Howbert, P.C., Roger D. Hunt, Colorado Springs, for appellee.

Rebecca Snyder Bromley, P.C., Rebecca S. Bromley, Colorado Springs, for appellant.

TURSI, Judge.

John F. Reeser (husband) appeals from permanent orders relative to division of property, maintenance, and attorney fees. We affirm in part and reverse in part.

The parties were married in 1945. In 1975, Rosemary V. Reeser (wife) initiated a dissolution of marriage action and in connection therewith the parties entered into a separation agreement. The agreement provided, *inter alia*, that the family residence and most of the household furniture and furnishings, which the parties owned jointly, would become the wife's separate property and that she was to pay husband $5,500. Title to the real property was transferred to wife and payment was made to husband.

About a month later the parties reconciled and lived together in the family residence, except for periodic separations, until institution of the present action in 1980. Title remained in wife during the time of reconciliation, and she made the mortgage payments. Husband testified that on reconciliation, he made payments totaling $300 to $400 to his mother-in-law as repayment on $5000 she had lent wife for the 1975 property settlement with him, but that he stopped the payments upon the request of the mother-in-law.

At the 1980 hearing, wife testified:

"I intended to leave the agreement as such because not only to protect myself but to protect the children. In case I passed away, the house would be in my name only. He would not be able to sell the house and spend the money like he usually spends money, and then come back to the children and that way the children would have to sign before he could sell."

Both parties worked during most of the marriage. At the time of the 1980 hearing, husband was 58 years old and wife was 54. Wife worked as a secretary and had a net income of approximately $845 per month. Husband was disabled and received, tax

free, $478 monthly in social security disability benefits and a veteran's pension. His disability was the result of a series of heart attacks beginning in 1971, and a stroke in 1979. During reconciliation husband would periodically turn his checks over to wife, and she would give him $25 a week for personal use. There was testimony relative to husband's inability to manage his funds.

Wife testified that she inherited approximately $13,000 and a house a few months before the hearing. She was selling the house and had approximately $3,500 in savings at the time of the hearing. All this was set aside to her as her separate property.

The trial court gave the wife the family home as her separate property, based on its determination that the 1975 separation agreement settled the parties' interest to that property and was valid and binding. It found that the value of the residence at the time of separation was $28,000 and that the appreciated value of the property at the time of trial was $54,000, resulting in a "gross equity" of $26,000. The court further found, "that the net equity of the parties and the appreciated value of the residence property is $12,000.00, and that the interest of the Respondent is $6,000.00." The facts upon which the trial court reached the net figure are not set forth in its order.

With respect to the furniture and furnishings, pursuant to wife's proposal for property settlement, the trial court set aside to the husband two items that were his separate property, awarded the remainder to the wife and ordered her to pay husband $1,000 as his interest in this property.

The trial court ordered that husband's total cash award of $7,000 was without interest and was to be paid in $100 monthly installments for five years with the balance due and payable at that time. In the event of husband's death during the five-year period, wife's obligation was to be cancelled. Husband was awarded $1.00 per year as spousal maintenance. No award of attorney fees was made.

On appeal, husband challenges the trial court's conclusion that the parties' 1975 agreement with respect to the family residence was valid and binding. He relies on *Larson v. Goodman*, 28 Colo.App. 418, 475 P.2d 712 (1970) in asserting that the trial court erred in not finding that the parties intended to rescind the property settlement provisions of their agreement when they reconciled. We do not agree.

*Larson v. Goodman, supra*, holds that in determining whether reconciliation has terminated a property settlement agreement, the trial court must determine if the parties intended to revoke the agreement as a question of fact. In making that determination, executory provisions of a property settlement agreement are presumed abrogated upon reconciliation, with the burden of showing non-abrogation falling upon the party seeking to enforce the terms of the agreement. *In re Marriage of Hines*, 525 P.2d 517 (Colo.App.1974) (not selected for official publication). Executed provisions of a property settlement agreement, however, are generally left intact. *Whitt v. Whitt*, 32 N.C.App. 125, 230 S.E.2d 793 (1977). *See* Annot., 35 A.L.R.2d 707; Comment, *Effects of Reconciliation on Separation Agreements in Colorado*, 51 *U.Colo. L.Rev.* 399 (1980). Where property settlement provisions have been fully executed prior to reconciliation, they are presumed to be valid and binding, and the burden of proving abrogation is on the party seeking to nullify the executed portions of the property agreement.

In the present case, wife fully performed the provisions concerning disposition of the family residence and furnishings through the payment of an agreed upon sum and husband transferred title to her. And, as to this completed transfer of the family residence, husband failed to meet his burden of proving an intent to abrogate the agreement.

Although the property settlement provision concerning the furniture was executed prior to reconciliation, the evidence demonstrates that the parties agreed that this provision was abrogated.

Husband also challenges the court's division of the appreciated marital property interest in the residence. We find no evidence in the record to reconcile the court's computation of what it referred to as the "net equity" in the family home nor upon which it based husband's award. The determination of marital property interest in an asset is determined by "the extent that its present value exceeds its value at the time of the marriage or at the time of acquisition if acquired after the marriage." Section 14–10–113(4), C.R.S. 1973. Under this statute, husband is entitled to an equitable share in the total amount of appreciation that accrued during the period of reconciliation after the wife became sole owner of the home. On remand, absent any evidence not presently in the record, the marital property interest in the residence should be based on the entire amount of the appreciated value.

We further agree with the husband that the court erred in providing that the wife's obligation would be forgiven in the event of husband's death prior to payment of the full amount owing under the property settlement provisions. While the trial court has discretion in determining the mechanics of a property division, its order must place "in the hands of each party a definable or ascertainable portion of at least some of the attributes of ownership." *In re Marriage of Gehret*, 41 Colo.App. 162, 580 P.2d 1275 (1978). That result is not accomplished where, as here, husband's share in the marital estate is contingent upon his remaining alive.

Finally, husband asserts that the failure to award him attorney fees or other than nominal maintenance constitutes an abuse of discretion. We do not agree.

Maintenance and attorney fees, like the disposition of property, are subjects peculiarly within the discretion of the trial court, and its decision relative thereto will not be disturbed on review in the absence of clear abuse of that discretion. *In re Marriage of Davis*, 35 Colo.App. 447, 534 P.2d 809 (1975). Here, the court found that the financial resources of both parties as related to their needs did not warrant an award of attorney fees nor of any meaningful award of maintenance for the husband but that the possibility of a deterioration in his health or in his situation vis-a-vis creditors justified the nominal award for purposes of retaining the opportunity for subsequent review of maintenance. *See In re Marriage of Davis, supra.* We find no abuse of discretion in the trial court's resolution of these issues.

The portion of the judgment relative to maintenance and attorney fees is affirmed. That portion of the judgment dividing the marital property is reversed and the cause is remanded for redetermination, (valued as of the date of the 1980 hearing), based on the existing record and, if desired by the trial court, further evidentiary hearing.

VAN CISE and KELLY, JJ., concur.