In the Matter of the ESTATE OF Donald R. MORRELL, Deceased.

Jerry L. MORRELL, Personal Representative-Appellant,

v.

Loretta MORRELL, Appellee.

Nos. 82CA1489, 83CA0256.

Colorado Court of Appeals, Div. II.

March 1, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Sept. 17, 1984.

Nelson, Hoskin, Groves & Prinster, John W. Groves, Gregg K. Kampf, Grand Junction, for personal representative-appellant.

Dufford, Waldeck, Ruland, Wise & Milburn, Edwin G. Ruland, Grand Junction, for appellee.

BABCOCK, Judge.

Jerry L. Morrell, personal representative for the estate of Donald R. Morrell (decedent), having filed demand for jury trial, appeals the summary judgment entered in favor of Lorretta Morrell (widow) on her claims for elective share, exempt property allowance, and family allowance from decedent's estate. We reverse.

The court's order was based on a "Separation and Property Settlement Agreement" dated October 17, 1979, and executed by widow and decedent. The personal representative contended that the property settlement agreement was valid and binding and constituted a waiver of widow's rights under the Colorado Probate Code. In granting widow's motion for summary judgment, the court concluded that the property settlement agreement was invalid at the date of death and, thus, did not affect the widow's statutory rights to take against decedent's will. Having so ruled, it declined to resolve the question of waiver.

I.

Decedent and widow were married on December 30, 1978. Both had adult children from previous marriages. In October 1979, they separated, decedent filed a petition for dissolution of marriage, and widow executed the property settlement agreement. The property settlement agreement provided, among other things, that widow would retain all property acquired by the parties during their marriage, which included jewelry given to widow by decedent and decedent's contribution for improvements on widow's separate residence. It specified that "all other property now owned by the parties" had been acquired by each prior to their marriage and would remain the "separate property of the respective party in whose name it now stands." The property settlement agreement further stated:

"It is the intention of the parties that each of them, with respect to property division, be placed in the same position as if their marriage had not occurred, and each party specifically waives and relinquishes any claim to property now owned by the other, regardless of any decrease or increase in the value thereof during the marriage."

Between October 1979 and February 1980, decedent and widow attempted a reconciliation, but that attempt failed. Decedent then executed the property settlement agreement in February 1980. In May 1980, the couple again attempted to reconcile, and the petition for dissolution of marriage was dismissed. However, on March 26, 1981, widow filed a second petition for dissolution of marriage. This petition was dismissed in June 1981 following yet another reconciliation between decedent and widow. That period of reconciliation continued until decedent's death on May 17, 1982.

Before his marriage to widow, decedent had executed a will. On December 3, 1981, decedent executed a codicil to that will which expressly provided that widow:

"[s]hall not receive any part of my estate, it being my further understanding and intention that the 'Separation and Property Settlement Agreement' entered into by my said wife and me dated October 17, 1979 and executed February 11, 1980 is now and has been in full force and effect whereby my wife Loretta M. Morrell waived and relinquished any claim to any of my property and agreed that with respect to our property each of us is in the same position as if the marriage had not occurred."

On the basis of the foregoing undisputed facts, the court entered its order granting summary judgment in favor of widow. The court found, as a matter of law, that their intent, as set forth in the property settlement agreement, was that the agreement would apply only during the pending dissolution of marriage action and in the event that the marriage was finally dissolved. In support of this finding, the court emphasized certain language con-

tained in the settlement agreement which referred to the property "as now divided" and as "now owned" and which represented that the agreement was the full agreement "at this time." It also stressed the fact that the parties had reconciled and had dismissed the first petition for dissolution of marriage.

## II.

We first address the issue whether the probate court erred in determining as a matter of law that the property settlement agreement was invalid.

■ The general rule is that reconciliation does not automatically terminate property settlement agreements. *Larson v. Goodman,* 28 Colo.App. 418, 475 P.2d 712 (1970). In determining whether a reconciliation has terminated a property settlement agreement, the trier of fact must ascertain from the evidence whether the parties intended to revoke the agreement upon reconciliation. *In re Marriage of Reeser,* 635 P.2d 930 (Colo.App.1981); *Larson v. Goodman, supra.*

■ Here, in determining that the property settlement agreement was no longer valid, the court selectively relied upon evidence concerning the decedent's and widow's relationship after execution of the agreement, made determinations of fact as to decedent's and widow's intent relative to revocation of the property settlement agreement, and drew therefrom the inference that they intended to revoke it. This evidence should properly have been submitted to a jury. *Palipchak v. Kent Construction Co.,* 38 Colo.App. 146, 554 P.2d 718 (1976). Hence, there being genuine issues of material fact, the probate court erred in granting widow's motion for summary judgment.

## III.

■ Although the probate court did not determine whether the property settlement

agreement constituted a waiver of widow's statutory rights pursuant to § 15–11–204, C.R.S., widow seeks a determination of this issue on appeal. Because it was briefed and argued here without objection and widow does not seek to enlarge her rights under the judgment, but seeks only affirmance, the issue is properly before this court on review. *Delta v. Thompson,* 37 Colo. App. 205, 548 P.2d 1292 (1975).

Section 15–11–204, C.R.S., provides in pertinent part:

> "*Unless it provides to the contrary,* a waiver of 'all rights' (or equivalent language) in the property or estate of a present or prospective spouse or *a complete property settlement entered into after or in anticipation of separation or divorce is a waiver of all rights* to elective share, exempt property allowance, and homestead exemption by each spouse in the property of the other ...." (emphasis added)

■ This section modifies prior case law with respect to the requirements of waiver of statutory rights in the estate of a spouse where a *complete* property agreement has been executed. The prior rule required the waiver to be set forth in terms which admitted of no doubt and clearly and definitely indicated a purpose to waive specific statutory rights. *See McLaughlin v. Craig,* 117 Colo. 67, 184 P.2d 130 (1947). By virtue of the statute, the waiver is now deemed to arise from a property settlement which completely disposes of the spouses' property and fails specifically to provide that it does not constitute waiver of all rights to elective share, exempt property allowance, and homestead exemption. *See In re Estate of Messer,* 118 Ariz. 291, 576 P.2d 150 (Ariz.App.1978).

Widow, in reliance on *In re Estate of Smith,* 674 P.2d 972 (Colo.App.1983), maintains that express language of waiver must be set forth in a property settlement in order for it to constitute a waiver of statutory rights. The document which purportedly constituted a waiver of statutory

rights in *In re Estate of Smith* was a statement signed by the decedent's wife and attached to his will. The court held that such a document must contain express language of waiver of statutory rights to constitute a waiver under § 15–11–204, C.R.S. This holding is not applicable to situations wherein a property settlement allegedly constitutes a waiver of statutory rights. To the contrary, § 15–11–204, C.R.S., specifically provides that a *complete* property settlement entered into in anticipation of divorce *is* a waiver "unless it provides to the contrary."

Therefore, under the circumstances present here, the question is: Does the property settlement agreement provide for a *complete* disposition of the property owned by decedent and widow?

Widow argues that the property settlement agreement is incomplete in that it fails to provide for disposition of property acquired after execution. We disagree, and conclude that the property settlement agreement is complete for the purposes of § 15–11–204, C.R.S.

 "Complete" is defined by *Black's Law Dictionary* 357 (rev. 4th ed. 1968) as "[f]ull; entire; including every item or element of the thing spoken of, without omissions or deficiencies ...." In accordance with this definition, we conclude that a property settlement which disposes of every item of property owned by the parties at the time of execution is complete within the meaning of § 15–11–204, C.R.S. *See In re Estate of Messer, supra.*

Here, the property settlement agreement recited that it was intended to settle *all matters* relating to property. It then divided *all property*, both real and personal, separate and marital, which was owned by decedent and widow at the time of execution. Because the property settlement agreement disposed of every item of property owned by the parties at the time of execution, it is complete within the meaning of § 15–11–204, C.R.S., and constitutes a waiver of widow's statutory rights.

Hence, upon trial, if the trier of fact determines that the property settlement agreement remained in effect at the time of decedent's death, the probate court shall enter judgment denying widow's claims for elective share, exempt property allowance, and family allowance. Conversely, if the trier of fact determines that the property settlement agreement did not remain in effect at the time of decedent's death, the probate court shall enter judgment granting widow's claims for elective share, exempt property allowance, and family allowance.

The summary judgment in favor of widow is reversed, and the cause is remanded for further proceedings consistent with this opinion.

BERMAN and METZGER, JJ., concur.