Filed Oct. 15, 1886.

———————

### No. 12,784.

## McCasland v. The Ætna Life Insurance Company.

DEED.—*Mistake.*—*Reformation.*— *Question of Fact.*— Where a mistake in describing land intended to be conveyed is as to the identity of the land, it is a mistake of fact and not of law.

SAME.—*Representation as to Description.*—*Pointing Out Land.*— Where a party points out a specific parcel of land to another and represents that it is described in a particular way, the latter has a right to rely on the statement.

MORTGAGE.—*Mistake.*—*Reformation.*—*Foreclosure.*—Where a mistake in the description of mortgaged land is carried into the decree of foreclosure, it may be corrected by reforming and reforeclosing the mortgage.

CONTRACT.—*Consideration.*—*Agreement not to Sue for Reformation of Mortgage.*— A promise, made upon an agreement not to sue for a reformation and foreclosure of a mortgage, is founded on a sufficient consideration.

SAME.—*Delivery.*— *Condition.*—*Performance.*—*Statute of Frauds.*—A contract, which is so far executed as that a deed has been delivered under it conditionally, is taken out of the statute of frauds when the condition is performed.

PLEADING.—*Contract.*—*Acceptance of Proposition.*—Where facts are pleaded which show an acceptance of a proposition, it is not necessary to allege an acceptance in express terms.

From the Sullivan Circuit Court.

*J. C. Briggs* and *W. C. Hultz*, for appellant.

*J. T. Hays, H. J. Hays, J. T. Beasley* and *A. B. Williams*, for appellee.

ELLIOTT, J.—The complaint of the appellee seeks to reform a deed and to quiet title to the land which the grantor intended to convey.

It is contended by the appellant that the complaint is bad because it shows a mistake of law and not of fact. The mistake is shown to have been in the description of the land intended to be conveyed, and such a mistake, while in some cases one of law, is generally one of fact. The office of a description in a deed is not to identify the land, but to supply the means of identification. *Rucker* v. *Steelman*, 73 Ind. 396. Where, therefore, a mistake is made in describing land, it is a mistake as to the identity of the land, and the question of identity is one of fact and not of law. But we need not further discuss this question, for, in the careful opinion of ZOLLARS, J., in *Baker* v. *Pyatt*, *ante*, p. 61, it is fully discussed and set at rest. The rule is, of course, the same whether the instrument is an absolute deed or a mortgage.

Where a mistake in the description of mortgaged lands is carried into the decree of foreclosure, it may be corrected by reforming and reforeclosing the mortgage. This was expressly decided in *Conyers* v. *Mericles*, 75 Ind. 443, where the subject received full and careful consideration. That case has been often approved.

Where facts are pleaded which show an acceptance of a proposition, it is not necessary to allege in express terms that the proposition was accepted. The complaint before us shows that the proposition made by the appellant was accepted, because it pleads the facts showing an acceptance.

Where a party points out a specific parcel of land to another, and represents that it is described in a particular way, the party to whom the statement is made has a right to rely upon it. As we have said, the question of identity is generally one of fact, and it certainly is so where the party points out the land and represents that it is covered by a particular description.

The appellee had, as we have seen, a right to reform and

reforeclose the mortgage, and a promise made upon an agree-
ment not to sue for a reformation and foreclosure is founded
on a sufficient consideration.

Where a promise is so far executed that a deed is delivered
under it conditionally, it is taken out of the statute of frauds
when the condition is fully performed, for, upon the perform-
ance of the condition, the deed becomes effective and the
grantee is entitled to it.

Judgment affirmed.

Filed Oct. 29, 1886.