ANDERSON DRIVING PARK ASSOCIATION ET AL. *v.*
THOMPSON ET AL.

[No. 2,246.    Filed November 17, 1897.]

LIENS.—*Work and Labor.*—*Statute Construed.*—Section 7058, Burns' R. S. 1894, providing that "all debts due for manual or mechanical labor shall be a preferred claim in all cases against any individual, copartnership, corporation or joint stock company, where the property thereof shall pass into the hands of an assignee or receiver," applies to persons working for wages or salary and does not apply to contractors for work and labor done by their servants and employes.

From the Madison Circuit Court.    *Reversed.*

*John W. Lovett* and *Henry C. Ryan*, for appellants.

*H. W. Taylor*, *C. K. Bagot* and *T. Bagot*, for appellee.

HENLEY, J.—Appellees began this action in the lower court against appellants by a complaint in one paragraph. The allegations of the complaint are in substance as follows: That appellees are partners under the firm name and style of Jas. A. Thompson & Son; that appellants, The Anderson Driving Park Association, is a corporation organized under the laws of the State of Indiana; that appellant Flavius J. Jackson is the receiver of said corporation, acting under the authority of the circuit court of Madison county, Indiana; that the appellant, N. C. McCullough & Co., is a corporation; that said Anderson Driving Park Association (hereinafter called association) is indebted to appellees, as such firm, for labor done and performed and material furnished in the construction of barns and making improvements on the property and real estate of said association at the special instance and request of said association, in the sum of $2,567.00, a bill of particulars of which is made a part of the complaint; that the sum of $2,135.65 of said before-mentioned indebtedness is for manual and mechanical labor done and furnished by appellees for the said association, a bill of particulars of which is filed with the complaint; that all of said indebtedness is due and unpaid; that the property and affairs of said association are now in the hands of said Jackson as receiver; that said receiver has in his hands a large amount of money and real estate, the property of said association; that the said indebtedness for said manual and mechanical labor is a preferred debt and claim against said association and said receiver, and a first lien upon the property, money and credits of said association in the

hands of said receiver; that appellant, N. C. McCullough & Co., has and holds a mortgage on and against said real estate which it claims and asserts is superior and prior to the lien of the appellees' said claim; that said receiver is about to sell the said real estate in his said hands, as such receiver, and apply the proceeds of such sale to the payment of said mortgage of N. C. McCullough & Co., in preference to, and in exclusion of, said appellees' claim. The prayer of appellees' complaint is as follows: "Wherefore plaintiffs pray judgment in the sum of three thousand dollars ($3,000.00) against the said defendants, The Anderson Driving Park Association and said Jackson as receiver, and that the sum and amount thereof on account of said labor, to wit: the sum of twenty-one hundred and thirty-five and sixty-five-hundredths dollars, be declared a preferred claim against said defendants prior to and superior to the lien of said mortgage held by the said defendant, N. C. McCullough & Co., and all other claims and debts against said defendants, and that said receiver be ordered and directed to pay the same out of any money now in his hands belonging to said Driving Park Association or which may come into his hands by reason of the sale of said real estate, or otherwise, before any other claim of any kind or class, and for all proper relief."

The appellants answered jointly, denying the material allegations of the complaint. The cause was submitted to the court for trial. There was a finding and judgment for appellees. The finding and judgment of the court was as follows: "That there is due them (plaintiffs) and they should recover on the account in suit, of and from the defendant, The Anderson Driving Park Association, the sum of $2,567.00, together with their costs and charges herein laid out and expended, taxed at $————, and that the sum

of $2,135.64 of said claim and account is due for and on account of manual and mechanical labor done, performed, and furnished by the plaintiffs for the said defendant Driving Park Association; that the said association is a corporation, and its property and affairs have, prior to the commencement of the suit, and was at the time of the commencement of the same, and are now, in the hands, control and possession of the said receiver and defendant Flavius J. Jackson; that the said claim for labor is a preferred claim against the said association, and should be paid by the said receiver from the property and assets of said corporation before any other claim or demand, save and except the reasonable and legitimate costs of said receivership is paid. It is therefore considered, decreed and ordered by the court that the plaintiffs recover of and from the defendant, The Anderson Driving Park Association, the sum of two thousand five hundred and sixty-seven dollars, and that the sum of two thousand one hundred and thirty-five and sixty-four-hundredths dollars ($2,135.64) thereof is a lien upon all the property and assets of said corporation in the hands of said receiver, the said defendant Flavius J. Jackson, prior and superior to all other claims and demands, save and except the reasonable costs of said receivership, and prior and superior to the lien of the mortgage held and owned by the defendant N. C. McCullough & Company, and the said Flavius J. Jackson, as such receiver, is ordered and directed to pay all moneys in his hands or which may come to his hands belonging to said trust, to the payment and discharge of said demand of two thousand one hundred and thirty-five and sixty-four-hundredths dollars ($2,135.64) before any other claim or demand is paid, and before any money is paid on any other claim or demand, save and except the reasonable and legitimate costs of said re-

ceivership, until said claim of plaintiff to the amount and sum of $2,135.64 is fully paid and satisfied, and that the remainder and residue of said judgment be paid by said receiver in due course of administration of his said trust."

Appellants each filed separate motions for a new trial, and a joint motion of all the appellants for a new trial was filed. These motions were all overruled by the lower court. Appellants have jointly and severally assigned error to this court. The assignments of error each raise the same questions, and contain two specifications: 1st, that the complaint in this cause does not state facts sufficient to constitute a cause of action against this appellant; and, 2d, that the lower court erred in overruling the appellant's motion for a new trial.

The sufficiency of the complaint as to any of the appellants was not tested by demurrer in the lower court.

The statutes under which appellees seek to have their claim preferred as against the mortgage of appellant N. C. McCullough & Company reads as follows: "That every company, corporation or association now existing, or hereafter organized and doing business in this State, shall, in the absence of a written contract to the contrary, be required to make full settlement with, and full payment in money to, its employes, engaged in manual or mechanical labor, for such work and labor done or performed by said employes for such company, corporation or association at least once in every calendar month of the year." Section 7056, Burns' R. S. 1894. "If any company, corporation or association shall neglect to make such payment, such employe may demand the same of said company, corporation or association, or any agent of said company, corporation or association, upon whom sum-

mons might be issued in a suit for such wages, and if said company, corporation or association shall neglect to pay the same for thirty days thereafter, said company, corporation or association shall be liable to a penalty of one dollar for each succeeding day, to be collected by such employe in a suit (together with reasonable attorneys' fees in said suit) for said wages withheld. *Provided,* That said penalty shall in no instance exceed twice the amount due and withheld." Section 7057, Burns' R. S. 1894.

"All debts due any person for manual or mechanical labor shall be a preferred claim in all cases against any individual, co-partnership, corporation or joint stock company where the property thereof shall pass into the hands of an assignee or receiver, and such assignee or receiver, in the distribution and payment of the debts, shall be required to first pay in full all debts due for manual or mechanical labor before paying any other, except the legitimate costs and expenses." Section 7058, Burns' R. S. 1894.

Neither of appellants contend that the claim of appellees is not a just and valid debt of the said association. The question in the cause, then, is, shall the statute above set out be held to include claims of the character of the one represented by appellees? The intention of the lawgiver must first be sought in the words of the statute, and if they are obscure, in the occasion of the enactment and in the policy which dictated it, when that can be legitimately ascertained. Prior or contemporaneous legislation upon the same general subject may be resorted to, in aid of the interpretation. Statutes must have a rational interpretation, to be collected not only from the words used, but from the policy which may be reasonably supposed to have dictated the enactment, and the interpretation should be rigorous or liberal, depending upon the in-

terests with which it deals. The courts of this State, in construing the above statute, have never held that its operation should be extended to include contractors, persons or firms engaged to complete certain work for an agreed sum, but that the statute was intended to secure the wages of laborers, making their claims preferred debts in case the property of the employer should pass into the hands of an assignee or receiver. *Bell* v. *Hiner,* 16 Ind. App. 184; *McElwaine* v. *Hosey,* 135 Ind. 481.

It is nowhere made to appear that the laborers and mechanics who were employed by James A. Thompson & Son, appellees, have not been paid for the services rendered by them. In fact, it appears that they were paid by appellees, their employers. At any event, they are not here seeking the benefit of any statute enacted for their protection. At the time appellees contracted with said association to do the work of building and furnishing certain materials for such buildings, at an agreed price, and at the time of the completion of such work, the laws of the State of Indiana provided ample means by which appellees could have secured the payment of any balance due them under their contracts. Appellees neglected to take advantage of a statute enacted for the protection of contractors, to which class they most certainly belong. The exhibits filed with and made a part of the complaint fully show the capacity in which appellees were employed by appellant, said association. The principal items going to make up the bill of particulars, filed with and made a part of the complaint in this cause, are as follows: "Anderson Driving Park Dr. to James A. Thompson & Son, in the year 1892: To building 3 barns as per contract, $1,400.00; building one barn and furnishing material as per contract, $900.00; to building amphitheater as per contract, $1,462.00; to

Anderson Driving Park Association *et al. v.* Thompson *et al.*

additional cost to raise amphitheater, $38.00; to additional cost in brick work, $172.00."

The items going to make up exhibit B, filed with and made a part of the complaint herein, are for labor done and performed by servants and employes of appellees, not of appellant's, servants employed by appellees to complete their contract with said association, and paid by appellees as their servants.

This claim arises out of work done in completing a contract entered into and performed in the year 1892, as is shown by the complaint, without filing any notice as is provided for by section 7257, Burns' R. S. 1894, and after waiting three years, appellees institute this action to enforce their claim as a prior lien against the property of said association, as against valid and existing incumbrances. We are clearly of the opinion that the complaint herein states no cause of action as to N. C. McCullough & Company; that said complaint shows upon its face that appellees are not of the class of persons included within the meaning of section 7058 of the statutes before quoted; that said statute was intended to apply to persons working for wages or salary, and not to contractors, who were, at the time such law was enacted, amply protected by laws then and now in force; that the facts averred in the complaint were not sufficient upon which the court should have rendered a judgment against said association and in favor of appellees for the amount found due them upon their contracts and an allowance of the claim against the trust funds in the hands of said receiver. As to the other relief demanded, the facts averred were insufficient as to any of the appellants.

Judgment reversed, with instructions to the lower court to proceed in accordance with this opinion.