CARL E. PEARSON, MARY ANN PEARSON AND OLIVE C. BEEM
v. WILLIAM S. WINFIELD AND DOUGLASS E. WINFIELD.

[No. 1-973A158. Filed June 27, 1974. Rehearing denied August 9, 1974. Transfer denied November 27, 1974.]

*Len E. Bunger, Don M. Robertson, Bunger, Harrell & Robertson,* of Bloomington, for appellants.

*Thomas A. Berry, James H. Ferguson, Ferguson, Berry, Ferguson & Lloyd,* of Bloomington, for appellees.

LYBROOK, J.—Defendants-appellants Carl E. Pearson, Mary Ann Pearson, and Olive C. Beem appeal from a judgment for plaintiffs-appellees William S. and Douglass E. Winfield in an action for reformation of a deed.

The central issue presented for review is whether there was sufficient evidence to support the trial court's finding of mutual mistake and its subsequent grant of reformation.

The following facts are pertinent to this appeal:

In November, 1959, defendant-appellant Olive C. Beem negotiated a sale of certain of her real estate in Monroe County with plaintiff-appellee William Winfield. They agreed that for a purchase price of $30,000, Beem would convey to the Winfields approximately fifty acres of land located in Section 32, Township 9 North, Range 1 East, and in Section 5, Township 8 North, Range 1 East. It was further agreed that a 3.05 acre tract in Section 5, held by Beem and defendants-appellants Carl E. and Mary Ann Pearson as joint tenants,

was to be excluded from the sale. Winfield agreed to this exclusion provided that there remained a 100-foot buffer strip between a driveway on the property to be sold and the eastern boundary of the 3.05 acre tract to be excluded. The evidence most favorable to the appellees reveals that Beem agreed to this and the sale was finalized in January, 1960. However, the record shows that at the time of the sale, neither Beem nor Winfield realized that the eastern boundary of the 3.05 acre tract held jointly by Beem and the Pearsons was located immediately west of the driveway on the land conveyed and that it was therefore physically impossible to simultaneously exclude this 3.05 acre tract from the sale and include a 100-foot buffer strip between this tract and the western boundary of the driveway.

The deed properly described and excluded the 3.05 acre tract and located its eastern boundary immediately west of the driveway, leaving Winfield no buffer strip. Additionally the deed erroneously included in the description of the property conveyed two strips of land which had been previously owned by Beem and conveyed in 1942, and 1947, to Bernard Burks and Cliffell Parrish, respectively.

Throughout the entire course of the negotiations and sale, defendants-appellants Carl E. and Mary Ann Pearson were residing in the Virgin Islands. They had no conversation with Winfield, nor were either of them aware of the agreement between Winfield and Beem concerning the 100-foot buffer strip. The Pearsons received by registered mail, the deed purporting to represent the agreement between Beem and Winfield. The Pearsons, after carefully reading the description in this deed to be certain that the 3.05 acres held jointly by Beem and them, were excluded from the sale, signed and returned the deed.

The Winfields took possession in January, 1960, and have resided there since. After the sale, Beem lived in Bloomington for a brief period. She then joined her daughter and son-

in-law, Mary Ann and Carl Pearson, in the Virgin Islands and the three have resided there since.

In 1972, twelve years after the sale, Beem and the Pearsons received an offer from a third party, to purchase the above-mentioned 3.05-acre tract. They accepted this offer and arranged for a survey of the land. This survey properly indicated that the eastern boundary of the 3.05-acre tract was located immediately adjacent to Winfields' driveway. When the surveyor set stakes designating the location of the tract, Winfield brought this action for reformation of the deed.

Winfields' action was predicated upon an assertion of mutual mistake. The trial court agreed and granted reformation, specifically finding that a mutual mistake of fact arose from the assumption made by at least two registered surveyors, and relied upon by the parties, that the southwest quarter of Section 32, Township 9 North, Range 1 East, had an east-west dimension along the south line of said quarter of 2640 feet, when in fact, the true east-west dimension along said south line was 2529.26 feet.

The trial court further found:

(a) That the parties intended that the west boundary of Winfields' property in Section 5 after the conveyance would lie approximately 100 feet west of the driveway on plaintiffs' property;
(b) That this intent was frustrated by the description of the excepted tract in that the excepted tract would overlap the land intended to be conveyed by appellants to the appellees by 110.74 feet in Section 5, and
(c) That Beem was unable to convey certain real estate included in the description in the deed because it had previously been conveyed by warranty deed to other parties.

The reformation granted by the trial court therefore deleted from the description of the land conveyed, the two parcels previously conveyed by Beem to Burks and Parrish, and included in the description of the land conveyed the above described buffer strip. As a result, the western boundary of the Winfield property in Section 5 was relocated to correspond

to the boundary they had bargained for and the 3.05-acre tract held jointly by Beem and the Pearsons was reduced to a 1.98-acre tract. The evidence indicates that the 110-foot strip taken from the eastern portion of the 3.05-acre tract included the only land in the entire tract suitable for construction of a house. This left the Pearsons and Beem joint tenants of a virtually valueless 1.98-acre tract of land. Thus, this appeal.

Appellants contend that the trial court's finding of mutual mistake and the subsequent grant of reformation including the buffer strip in the conveyance were not supported by sufficient evidence in that there was no actual agreement or meeting of the minds of all parties involved concerning the buffer strip. We agree.

Initially, it must be noted that when confronted with an assertion that there was insufficient evidence to support the trial court's findings and judgment, this court, as a reviewing tribunal, neither weighs conflicting evidence, nor resolves questions of credibility of witnesses, but rather, accepts only that evidence most favorable to appellees, together with all logical inferences deducible therefrom to determine if each essential element upon which the trial court's decision is based is supported by substantial evidence of probative value. *In Re Estate of Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490.

With this standard of review in mind, an examination of the evidence, together with a brief discussion of the pertinent law on both reformation and joint tenancy resolves this issue in favor of appellants.

In Indiana, equity has jurisdiction to reform written documents in only two well defined situations: (1) Where there is a mutual mistake—that is, where there has been a meeting of the minds—an agreement actually entered into, but the contract, deed, settlement, or other document, in its written form does not express what was actually intended by the parties thereto; and

(2)   Where there has been a mistake by one party, accompanied by fraud or inequitable conduct by the other parties. *Citizens National Bank of Attica* v. *Judy, et al.* (1896), 146 Ind. 322, 43 N.E. 259.

The present case arises under the first of these situations— a mutual mistake of fact. The court in *Citizens National Bank of Attica* v. *Judy, et al.*, *supra*, commented on the propriety of a grant of reformation for a mutual mistake:

". . . it is only possible for a written contract to be reformed, when the parties have actually made a contract which is different in its terms from the contract which had been reduced to writing. . . . There can be no rectification, however, unless it is proved that both parties were mistaken in the use of the terms to be corrected, and that both parties agreed to the contract sought to be substituted for that to be set aside. In each term of the contract to be thus set up, it must be proved that the parties concurred. To a contract, concurrence of minds is essential, and no substitution of an amended contract can be made without showing that the parties concurred in the amended contract."

The same court continued:

"Therefore, to authorize a reformation the misunderstanding must have been mutual; and a rectification will only be permitted where both parties have executed the instrument under a common mistake, and have done what neither of them intended. In every case, it must clearly and satisfactorily appear that the precise terms of the contract had been orally agreed upon, and that the writing afterwards signed fails to be, as it was intended, an execution of such previous agreement, but on the contrary, expresses a different contract, and that this is the result of mutual mistake."

A party seeking reformation on the ground of mutual mistake must establish by clear and satisfactory proof the true intentions common to all parties to the instrument, that a mistake was made, and that the mistake was mutual and consequently the instrument, as written, does not state the true intention or agreement of the parties.

The primary purpose of reformation is to effectuate the common intentions of all parties to an instrument which were

incorrectly reduced to writing. It follows that a grant of reformation is necessarily predicated upon a prior understanding between all parties on all essential terms. Otherwise, there would be no standard to which an instrument could be reformed. It is upon this premise that appellants attack the trial court's decision.

Appellants contend that the transcript is without evidence of an original agreement between all of the parties to support the trial court's finding concerning the parties' intentions relevant to the buffer strip in controversy. They argue that there was no meeting of the minds of all parties on this question and therefore, no standard to which the alleged erroneous deed could be reformed. The evidence most favorable to appellees is supportive of appellants' contentions.

The evidence most favorable to appellees clearly shows that there was a mutual mistake of fact concerning the east-west dimension of the south line of Section 32, Township 9 North, Range 1 East. The evidence further reveals that an agreement was reached between Winfield and Beem, and that both Winfield and Beem intended that the western boundary of Winfield's land situated in Section 5, was to lie, after the conveyance, approximately 100 feet west of the driveway. However, the evidence most favorable to the Winfields further shows that at the time of this conveyance, the 100-foot strip intended to be conveyed to Winfield was a portion of the 3.05-acre tract held jointly by Beem and the Pearsons. This evidence further shows that neither Carl Pearson, nor Mary Ann Pearson intended to convey this 100-foot strip of the joint estate to Winfield, but establishes on the contrary, that the Pearsons signed the deed only after making certain that the entire joint estate was specifically excluded from the sale.

Thus, we are confronted with the situation where only one of three joint tenants intended to convey a portion of the joint estate to a third party. The trial court found that this was sufficient to warrant a finding that: "It was the intent of the

parties to this cause of action that the west boundary of plaintiffs' land situated after conveyance from defendants would lie (in the northwest quarter of the northwest quarter of Section 5, Township 8 north, Range 1 east) approximately 100 feet west of the then and now existing driveway onto plaintiffs' property from State Road 46 . . .".

We cannot agree.

"It is a general rule that one cotenant has no right, without the consent or authorization of the other cotenant or cotenants, to convey to a third person any specific or distinct portion of the common estate, or an undivided interest in any such portion; and it is usually held that such conveyance can neither change the relation of cotenancy existing between the grantor and his fellow cotenant or cotenants nor divest the grantor of his interest in the common estate and vest it in his grantee. The reason is obvious. The grantor's title is to an undivided share of the whole, and he is not authorized to carve out his own part, nor to convey in such a manner as to compel his cotenants to take their shares in several distinct parcels such as he may please; and since a grantor himself has no right, on a partition, to select any particular portion of the land and to insist that his moiety or interest, or any part of it, be set off in that specific portion, so he cannot convey such a right to his grantee. If this were not the established law, the cotenants not assenting to such a sale might, without any fault of their own, be deprived of their right to enter and occupy every portion of the common estate, and to have any portion of it, thus conveyed, assigned to them on a partition of the common estate." (Footnotes omitted.) 20 Am. Jur. 2d *Cotenancy and Joint Ownership,* § 98, pp. 197-198.

Thus, absent authorization, consent, or subsequent ratification from his cotenants, one joint tenant may not validly convey a portion of the joint estate to a third party. An attempt to do so is not binding upon his cotenants. It certainly follows that the mere intent to so convey is no more binding than the actual conveyance. We therefore hold that absent authorization, consent, or subsequent ratification, Beem's intent to convey a portion of the joint estate is not binding upon nor imputable to Mary Ann Pearson and Carl E. Pearson.

To circumvent this problem, appellees submit that Beem was the agent of the Pearsons, and that all three are charged with her acts. Again, we cannot agree.

"Joint tenants are not partners; and the mere relationship of joint tenants does not authorize one to act as agent for the other. . . ." 48 C.J.S. *Joint Tenancy*, § 14, p. 935. It follows from this that:

". . . one cotenant cannot ordinarily bind his fellows by contracts with third persons, unless he is thereunto duly authorized or unless they thereafter ratify his act." 20 Am. Jur. 2d *Cotenancy and Joint Ownership*, § 2, p. 93.

There was no evidence adduced at trial supporting appellee's claim of agency, nor does the evidence indicate that Beem was in any other manner authorized by the Pearsons to dispose of a portion of the joint estate. Additionally, we are unable to discern any evidence tending to show a subsequent ratification of Beem's act by the Pearsons. We therefore conclude that there was no principal-agent relationship between the Pearsons and Beem when Beem attempted to sell a portion of the joint estate. We further conclude that there was no ratification of such attempt by the Pearsons. We therefore hold that Beem's intent to convey a portion of the joint estate is not binding upon, nor imputable to the Pearsons.

It cannot be said that there was a meeting of the minds of *all* parties on the questions concerning the buffer strip and the exclusion. Where there is no meeting of the minds of the parties on all essential terms of the agreement, there can be no reformation because there exists no standard to which the alleged erroneous writing can be reformed.

We therefore hold that despite the fact that the evidence supports a finding of mutual mistake, that portion of the trial court's judgment which reformed the deed to include in the description of the land conveyed the eastern 110.74 feet of the 3.05-acre tract held jointly by appellants is erroneous in

that there was no evidence to support a finding that the parties' intentions concerning the above-mentioned 110.74-foot strip of land differ from those expressed in the original deed.

Having sustained appellants' first contention of error, we need not discuss the other issues raised by them.

We find no error in that portion of the trial court's judgment which reformed the deed description by deleting therefrom the description of the two parcels previously conveyed by Beem to Burks and Parrish and this portion of the judgment is hereby affirmed.

The grant of reformation with respect to the 3.05-acre tract excepted in the original deed between the parties hereto is hereby reversed and set aside.

Affirmed in part and reversed in part.

Hoffman, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 313 N.E.2d 95.