**Lawrence SHARP and Bertha Sharp,
Appellants (Plaintiffs Below),**

v.

**Gregory K. JONES, Linda Jones, Larry
W. Brown, and Nancy M. Brown,
Appellees (Defendants Below).**

No. 48A04–8604–CV–111.

Court of Appeals of Indiana,
Fourth District.

Sept. 17, 1986.

Ronald L. McNabney, Anderson, for appellants.

Joan Bashaw Gregg, Anderson, for appellees.

CONOVER, Presiding Judge.

Plaintiff-Appellant Lawrence and Bertha Sharp (Sharps) appeal an adverse judgment in a land contract dispute.

We reverse.

## ISSUES

Because we reverse, we address only the following issues:

1. whether the trial court's reformation of the land contract was proper, and

2. whether the trial court erred in admitting certain evidence.

## FACTS

On September 1, 1976, the Sharps entered into a land contract as sellers with defendant/appellees Gregory Jones, Linda Jones, Larry Brown, and Nancy Brown (Jones) as purchasers. The sale price of the land involved was $36,444. As to payment, the contract provided

Five Thousand ($5,000.00) dollars is to be paid in cash on or before delivering this contract and the balance of the first above named amount, namely: $31,444.00 is to be paid in installment (sic) of not less than $700.00 to be paid upon the principal on the 1st day of December, 1977, and a like amount on the 1st day of December of each year thereafter, with the balance of the principal due on said contract due and payable September, 1991.

Buyers shall have the right to pay an additional sum upon the principal on the 1st day of month (sic) during the continuance of this contract providing same is paid in multiples of one hundred dollars.

In addition to the principal payments, interest is to be paid monthly at the rate of 8½% per annum; said interest is to be computed upon the amount of principal due at the beginning of each month's period. The first payment of interest is

to be made October 1, 1976. First payment of interest is: $267.27.[1]

(R. 211–212).

It also provided for late fees assessed at 2% of any amounts paid more than 10 days late. The final payment was due on September 1, 1991.[2]

Jones made payments of $267.27 each month from the contract's inception until the Sharps filed this action for either specific performance or cancellation of the land contract. The Sharps's complaint stated (a) Jones owed late charges, (b) had refused to erect a fence as required by the contract, and (c) had set a fire causing damage to the Sharps's adjoining property. After the suit was filed, Jones continued to tender monthly payments of $267.27 to the court. Jones also counterclaimed, requesting the court to "reform" the contract so only the interest on the principal would be due each month.

In its judgment, the trial court

(a) awarded the Sharps damages and late fees,

(b) "reformed" the contract by determining

* * * the contract should be reformed in that after the date of this Judgment future monthly interest payments should be based on 8½% of the principal balance.

(c) ordered Jones to pay the yearly amount of principal due in December, and

(d) awarded the previous monthly payments tendered to the court to the Sharps.

The Sharps appeal, claiming the trial court erred by reforming the contract and by miscalculating the principal.

DISCUSSION AND DECISION

The Sharps claim the trial court's judgment is contrary to law because it provides for a reduction of the amount of monthly payments to be made by the Jones's. When discussing the standard of review in such cases, our First District recently said

When a judgment is attacked as being contrary to law, this court neither considers the credibility of the witnesses nor weighs the evidence, instead, we look solely to the evidence most favorable to the judgment, together with all reasonable inferences therefrom, and it is only when this evidence is without conflict and leads to but one conclusion and the trial court reaches a contrary conclusion, will we reverse a decision for being contrary to law. *Litzelswope v. Mitchell,* (1983) Ind.App., 451 N.E.2d 366.

*Indiana-Kentucky Elec. Corp. v. Green* (1985), Ind.App., 476 N.E.2d 141, 143.

■ Our disposition of the issues in this case has been made more difficult because we have not been favored with an appellee's brief. In such cases, we apply a less stringent standard of review with respect to showings of reversible error. The appellant need only establish *prima facie* error to win reversal. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991; *Indiana State Board of Health v. Lakeland Disposal Service* (1984), Ind.App., 461 N.E.2d 1145. In this context, *"prima facie"* means at first sight, on a first appearance, or on the face of it. *Harrington v. Hartman* (1968), 142 Ind.App. 87, 233 N.E.2d 189, 191 (quoting *Ellet v. Ellet* (1965), 137 Ind.App. 96, 205 N.E.2d 555, 556).

A. *Reformation*

■ The trial court erred when it stated it was reforming the contract. The contract reads in pertinent part:

In addition to the principal payments, interest is to be paid monthly at the rate

---

1. If the monthly payments in fact were to be interest only, the first payment would have been $222.73, not $267.27.

2. If the $267.27 paid and received by the parties monthly is treated as a fixed monthly payment applied first to interest with the balance remaining applied to reduction of principal, the total amount of principal so amortized over that 15 year period when added to the total sum of the annual $700 payments to be made in reduction of principal in December of each year, substantially results in a zero balance, a result clearly contemplated by the parties when they entered into the contract.

of eight and one-half percent per annum; said interest is to be computed upon the amount of the principal due at the beginning of each month's period. The first payment of interest to be made October 1, 1976. First payment of interest is: $267.27. (R. 212)

When the trial court provided in its order "after the date of this Judgment future monthly interest payments should be based on 8½% of the principal balance", it was enforcing the terms of the contract as written, not reforming it. Defining "reform", Black's Law Dictionary says

> REFORM. To correct, rectify, amend, remodel. Instruments *inter partes* may be *reformed,* when defective, by a court of equity. By this is meant that the court, after ascertaining the real and original intention of the parties to a deed or other instrument, (which intention they failed to sufficiently express, through some error, mistake of fact, or inadvertence,) will decree that the instrument be held and construed as if it fully and technically expressed that intention. *Churchill v. Meade,* 92 Or. 626, 182 P. 368, 371; *Gross v. Yeskel,* 100 N.J.Eq. 293, 134 A. 737.

Black's Law Dictionary 1446, Rev. 4th Ed. (1968). Thus, the trial court incorrectly labeled its action a "reformation".

The Sharps request on appeal the contract *not* be reformed apparently because of the trial court's misnomer below. However, for this court to grant the relief the Sharps seek, the contract must, in fact, be reformed. We will treat this appeal as if such a request had been made.

■ Reformation of a contract is appropriate only when both parties mistakenly execute a document which does not express the true terms of their agreement, or when one party so executes but the other acts fraudulently or inequitably while having knowledge of the other's mistake. *First Equity Security Life Ins. Co. v. Keith* (1975), 164 Ind.App. 412, 329 N.E.2d 45, 49. This rule is recognized in *Pearson v. Winfield* (1974), 160 Ind.App. 613, 313 N.E.2d 95, where this court said

In Indiana, equity has jurisdiction to reform written documents in only two well defined situations:

(1) where there is a mutual mistake,— that is, where there has been a meeting of the minds, an agreement actually entered into, but the contract, ... in its written form does not express what was really intended by the parties thereto; and

(2) where there had been a mistake of one party, accompanied by fraud or inequitable conduct by the remaining parties. *Citizens National Bank of Attica v. Judy, et al.* (1896), 146 Ind. 322, 43 N.E. 259.

313 N.E.2d at 98.

■ Similarly, mistake by the scrivener will permit reformation of the instrument where it is apparent both parties were mistaken as to the actual contents of the instrument. *Allen v. Bollenbacher* (1912), 49 Ind.App. 589, 97 N.E. 817, 819.

It is clear from the evidence, the parties were mutually mistaken as to what the terms of the contract were because

1. the first monthly payment of $267.27 upon which all the other payments were patterned included both principal and interest, not interest only, as the contract provided, and

2. if the Jones's monthly payments are denominated interest only, as provided in the trial court's judgment, there would be a $20,000 unpaid principal balance at the end of the contract's 15 year term, but substantially none will remain if the payments thereunder are said to include both principal and interest, cf. note 2, *supra.*

■ To determine the true intent of the parties, we may look to their conduct during the course of the contract. *Pierce v. Yochum* (1975), 164 Ind.App. 443, 330 N.E.2d 102, 107. In that context, it is apparent the parties here have acted as if the monthly payments were fixed payments designed to pay interest and amortize principal over the term of the contract, rather than mere interest payments alone.

It is uncontested the parties so treated the monthly payments for the 10 year period preceding entry of the trial court's judgment. Their intent to so treat these payments is plain and uncontroverted. The trial court erred by determining otherwise. Reformation of the contract is appropriate in this case. *Pierson v. Winfield, supra.* It should be reformed to reflect the intent of the parties, that is, the monthly payments were to be fixed at $267.27 to pay interest and amortize principal over the term of the contract.

### B. *Evidence*

The Sharps next contend the trial court improperly admitted a repayment record into evidence. The Sharps allege the record was used by the court to compute the principal amount due on the land contract. The Sharps first objected to its admission on the grounds of improper foundation and the best evidence rule. This objection was sustained by the court. After Jones presented foundation evidence, the record was admitted into evidence. At this time the Sharps's attorney stated:

> MR. SMITH: We are not agreeing Judge to, to the figures. But with regard to the summary nature of her testimony, we have no objection to this exhibit for that limited purpose only.
>
> JUDGE: Alright.
>
> MR. SMITH: In other words I, we would agree that she would testify to this, but we are not agreeing necessarily with the figures.
>
> JUDGE: Alright. I will show it introduced as a summary of what her testimony will be.

The Sharps now object to the evidence as a summary and not the best evidence. However, this objection is waived because it was not raised when the record was offered as evidence. *Glass v. Continental Assurance Co.* (1981), Ind., 415 N.E.2d 126, 127. The Sharps may appeal only those errors properly raised and preserved below. *State v. Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782, 785. When evidence is admitted over objection, the correct grounds for the objection must be stated at the time it is offered. A valid basis for an objection differing from the one relied upon at trial may not be urged on appeal. *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407, 410.

Accordingly, we reverse and remand to the trial court with instructions to amend its judgment so as to reform the contract in a manner consistent with the provisions of this opinion.

MILLER and YOUNG, JJ., concur.