David Wayne HUTCHISON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 85A04–8701–CR–17.

Court of Appeals of Indiana,
Fourth District.

July 27, 1987.

**2** ■

Thomas J. Mattern, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

David Wayne Hutchison appeals his conviction of two counts of child molesting. On appeal, he raises the following issues:

1) whether the trial court erred in finding the victim competent to testify; and

2) whether the trial court erred in admitting evidence of his prior child molesting conviction.

We affirm.

■ Hutchison first contends that the trial court erred finding the victim, a seven year old boy, competent to testify. IND. CODE 34-1-14-5, in relevant part, provides:

The following persons shall not be competent witnesses ... Children under ten (10) years of age, unless it appears that they understand the nature and obligation of an oath....

The determination of whether a child under ten is competent to testify is within the trial court's discretion and a finding of competency will be reversed only where there is no evidence to support the conclusion that the child understood the nature and the obligation of the oath. *Newton v. State* (1983), Ind.App., 456 N.E.2d 736. A child under ten is competent to testify if he understands the difference between telling the truth and telling a lie and feels under some compulsion to tell the truth. *Dillard v. State* (1986), Ind., 498 N.E.2d 1229. Further, if the record of voir dire contains evidence from which a trial court could have inferred that the child understood the nature and obligation of an oath, the trial court's finding of competency must be affirmed. *Oldham v. State* (1984), Ind.App., 467 N.E.2d 419.

■ The victim in this case stated that he would tell the truth even if doing so made other people unhappy and that he would be in trouble if he did not tell the truth. The record of voir dire in this case therefore contains sufficient evidence from which the trial court could have inferred that the victim was competent to testify.

■ Even had the record of voir dire in this case been insufficient to establish the victim's competency to testify, we would hold that Hutchison waived the issue at a hearing conducted pursuant to IND.CODE 35-37-4-6.[1]

1. IND.CODE 35-37-4-6 provides:
   35-37-4-6 Application of section; admissibility of statement or videotape made by children; notice to defendant of hearing; corroborative evidence; prosecuting attorney's duties
   Sec. 6. (a) This section applies to criminal actions for the following:
   (1) Child molesting (IC 35-42-4-3).
   (2) Battery upon a child (IC 35-42-2-1(2)(B)).
   (3) Kidnapping (IC 35-42-3-2).
   (4) Confinement (IC 35-42-3-3).
   (5) Rape (IC 35-42-4-1).
   (6) Criminal deviate conduct (IC 35-42-4-2).
   (b) A statement or videotape that:
   (1) is made by a child who was under ten (10) years of age at the time of the statement or videotape;
   (2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the child; and
   (3) is not otherwise admissible in evidence under statute or court rule;
   is admissible in evidence in a criminal action for an offense listed in subsection (a) if the requirements of subsection (c) are met.
   (c) A statement or videotape described in subsection (b) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present:
   (1) the court finds, in a hearing:
   (A) conducted outside the presence of the jury; and
   (B) attended by the child;
   that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability; and
   (2) the child:
   (A) testifies at the trial; or
   (B) is found by the court to be unavailable as a witness because:
   (i) a psychiatrist has certified that the child's participation in the trial court be a traumatic experience for the child;
   (ii) a physician has certified that the child cannot participate in the trial for medical reasons; or

At this hearing, the victim was asked questions to determine whether he would be unavailable at trial due to an inability to understand the nature and obligation of an oath. After this questioning, Hutchison's attorney made the following statement:

> It is our contention that the boy in his own testimony exhibits the capacity to understand the oath and therefore we are objecting to the admissibility of the statement in lieu of the boy's testimony.

(R. 303) One of the purposes of IC 35–37–4–6(a) is to aid the state in presenting evidence where the victim is a very young child. *Miller v. State* (1986), Ind.App., 498 N.E.2d 1008, 1012. This purpose would be defeated if we were to allow a defendant to argue at the hearing that a statement should not be admissible because the child is capable of understanding an oath and then argue at trial that the child should not be allowed to testify because he is incapable of understanding an oath. The trial court properly found that the victim was competent to testify and any error in that regard was waived by Hutchison's admission of competency.

■■■■ Hutchison next contends that the trial court erred in admitting records pertaining to his previous conviction for child molesting.[2] Hutchison admits that evidence of this conviction was admissible under the depraved sexual instinct rule. (*E.g. McKim v. State* (1985), Ind., 476 N.E.2d 503; *Jenkins v. State* (1985), Ind., 474 N.E.2d 84.) He argues, however, that the rule should be abolished as no longer necessary due to medical, psychological and scientific advances which now produce cor-

roborative evidence. Hutchison, however, fails to present authority for this proposition and therefore his argument on it is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(3), (7). The trial court properly admitted evidence of Hutchison's previous child molesting conviction.

Affirmed.

MILLER and STATON, JJ., concur.

---

(iii) the court has determined that the child is incapable of understanding the nature and obligation of an oath.
(d) If a child is unavailable to testify at the trial for a reason listed in subsection (c)(2)(B), a statement or videotape may be admitted in evidence under this section only if there is corroborative evidence of the act that was allegedly committed against the child.
(e) A statement or videotape may not be admitted in evidence under this section unless the prosecuting attorney informs the defendant and the defendant's attorney of:
(1) his intention to introduce the statement or videotape in evidence; and
(2) the content of the statement of videtape;

within a time that will give the defendant a fair opportunity to prepare a response to the statement or videotape before the trial.

**2.** As to this previous conviction, the state introduced the probable cause affidavit, the charging information, Hutchison's statement of admission, and the docket sheet showing the conviction. Hutchison argues in his brief that the admission of the affidavit and his statement constituted "prejudicial overkill." (Appellant's Brief, p. 36) He failed to raise this argument at trial and therefore it cannot be urged upon appeal. *Sharp v. Jones* (1986), Ind.App., 497 N.E.2d 593.