**FOR PUBLICATION**




FILED
Sep 19 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN K. REDMOND**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**MICHELLE K. WENDLINGER**
**STEPHEN B. COHEN**
Cohen, Kelly, Olson, DeHaan & Richter, LLC
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENEFICIAL FINANCIAL I INC., SUCCESSOR IN INTEREST TO BENEFICIAL MORTGAGE CO. OF INDIANA, | ) ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 45A03-1212-MF-531 |
| SHARON HATTON, a/k/a SHARON J. HATTON, FIRST SELECT, INC., CALVARY SPV, II, LLC, and DISCOVER BANK, | ) ) ) ) | |
| Appellees. | ) ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1006-MF-358

**September 19, 2013**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

In this mortgage foreclosure action, Beneficial Financial I, Inc. (Beneficial), successor in interest to Beneficial Mortgage Company of Indiana, appeals an order of the trial court dismissing its amended complaint, pursuant to Indiana Trial Rule 12(B)(6), against, among others, Sharon J. Hatton. Beneficial presents the following restated issues for review:

1. Did the trial court err in dismissing with prejudice Beneficial's amended complaint pursuant to T.R 12(B)(6)?

2. Did Beneficial state a claim upon which relief can be granted in alleging that it was entitled to enforce the promissory note and mortgage security instrument by virtue of the merger of Beneficial Mortgage Co. of Indiana into the surviving entity, Beneficial Financial I, Inc.?

We reverse and remand.

This case arises from a motion to dismiss. Therefore, the only facts upon which we rely are those alleged in the complaint. *See Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 308 (Ind. 2012). On or about August 10, 1993, Howard and Sharon Hatton executed and delivered to Beneficial Mortgage Co. of Indiana a promissory note of $60,000.00, naming Beneficial Mortgage Co. of Indiana as the payee. In order to secure repayment of the promissory note, the Hattons executed a mortgage granting a security interest in the real estate located at 4003 W. 113th Ave., Crown Point, Indiana (the Property). It appears that this was the Hattons' residence, although that is not important for purposes of this appeal. In any event, the Hattons purchased the Property in 1972. The mortgage between Beneficial and the Hattons was recorded on August 12, 1993.

Howard died on July 31, 2008. After September 16, 2009, Sharon ceased making the

2

mortgage payments.[1]  As a result, Beneficial accelerated the indebtedness due under the promissory note and mortgage and provided pre-suit notice pursuant to Ind. Code Ann. § 32-30-10.5-8(a) (West, Westlaw current with all 2013 legislation).  On June 9, 2010, Beneficial filed a foreclosure action against Hatton.

Shortly before filing its foreclosure action, Beneficial's counsel discovered an error in the legal description of the Property reflected on the mortgage security instrument.[2]  On June 9, 2010, Beneficial filed its Complaint on Note and to Reform and Foreclose Mortgage on Real Estate.  Under Count I of the complaint, Beneficial alleged that the legal description set forth in the mortgage "does not describe the real estate in which Howard Hatton and Sharon Hatton a.k.a. Sharon J. Hatton intended to convey a security interest or in which Beneficial

---

[1]  We reiterate that for purposes of this appeal, we are obliged to consider the facts as alleged in the complaint.  We note that the record includes Sharon Hatton's claim that she tendered payments after Howard's death, but Beneficial refused to accept them.  This claim is not relevant to this appeal.

[2] The erroneous legal description reflected on the mortgage instrument reads as follows:

> That part of the Northeast ¼ of the Southwest ¼ of Section 7, Township 34 North, Ranged 8 W. of the 2nd Principal Meridian, described is [sic] beginning of the Northeast corner of the said tract, thence South along the East line of said tract a distance of 200 feet, thence West a distance of 75 feet; thence North a distance of 200 feet to the North line of said tract; thence East a distance of 75 feet to the point of beginning in Lake County, Indiana.

*Appellant's Appendix* at 106.  The correct legal description is as follows:

> [P]art of the Northeast Quarter of the Southwest Quarter of Section 7, Township 34 North, Range 8 W. of the 2nd P.M., in Lake County, Indiana, more particularly described as follows:

> Beginning at a point 200 feet South of the Northeast corner of said Northeast Quarter of the Southwest Quarter of Section 7, thence 165 feet South along the East line of said Northeast Quarter of the Southwest Quarter, thence West 75 feet; thence North 165 feet; thence East 75 feet to the point of beginning.

*Id*. at 108.

3

Mortgage Company of Indiana intended to hold a security interest." *Appellant's Appendix* at 18. Accordingly, Beneficial sought an order "reforming the mortgage to indicate that the correct legal description forming the security for said mortgage is in fact the [correct] legal description[.]" *Id.* Under Count II of the complaint, Beneficial alleged that Hatton had defaulted on the mortgage and sought an order directing a sale of the Property to satisfy Hatton's debt.

After the parties participated in an unsuccessful settlement conference, on October 27, 2011, Hatton filed a motion to dismiss pursuant to T.R. 12(B)(6). She sought dismissal on the following grounds: 1) The mortgage "is ineffective because the precise tract intended cannot be located due to the error in the legal description"; and 2) Beneficial failed to attach the assignment of Beneficial Inc.'s interest in the Hatton mortgage to Beneficial Mortgage Co. of Indiana. *Id.* at 52. On January 6, 2012, the trial court granted Hatton's motion to dismiss without prejudice.

On January 17, 2012, Beneficial filed its Amended Complaint on Note and to Reform and Foreclose Mortgage on Real Estate. Essentially, the only differences between the original complaint and the amended complaint were that in the latter: (1) Beneficial added what amounts to legal argument under each count refuting Hatton's claimed grounds for dismissal of that particular count; and (2) Beneficial attached an official document generated by the office of the Indiana Secretary of State reflecting the merger of Beneficial Financial I and Beneficial Mortgage Company of Indiana. On July 2, 2012, Hatton filed a T.R. 12(B)(6) motion to dismiss the amended complaint, arguing the same grounds as were advanced in

4

support of her motion to dismiss the original complaint. Following a hearing, the trial court granted Hatton's motion to dismiss the amended complaint, this time with prejudice. Beneficial appeals this ruling.

A motion to dismiss under T.R. 12(B)(6) for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it. *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306. Therefore, "the motion tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Id.* at 308. In ruling on such a motion, the trial court must view the complaint in a light most favorable to the nonmoving party, drawing every inference in the nonmovant's favor. *Id.* We conduct a de novo review of a trial court's ruling on a motion to dismiss under T.R. 12(B)(6). *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306. In so doing, we must determine whether the complaint states any facts on which the trial court could have granted relief. *See id.*

Both parties agree that the original mortgage identifies a parcel of property that, as Hatton phrased it, "neither party intended to mortgage as the property subject to the aforementioned mortgage." *Appellee's Brief* at 6. Put another way, the original mortgage does not describe the property that both parties intended it to control. Also, the boilerplate law that governs this situation is not in dispute. These principles were set out in *Estate of Reasor v. Putnam Cnty.*, 635 N.E.2d 153, 158 (Ind. 1994), as follows:

> [R]eformation is "an extreme equitable remedy to relieve the parties of mutual mistake or of fraud. *Board of Comm'rs of Hamilton County v. Owens* (1894), 138 Ind. 183, 186, 37 N.E. 602." The remedy of reformation is extreme because written instruments are presumed to reflect the intentions of the parties

5

to those instruments.

In cases involving mutual mistake such as this one, the party seeking reformation must establish the true intentions of the parties to an instrument, that a mistake was made, that the mistake was mutual, and that the instrument therefore does not reflect the true intentions of the parties. As the Court of Appeals in *Pearson* explained:

> The primary purpose of reformation is to effectuate the common intentions of all parties to an instrument which were incorrectly reduced to writing. It follows that a grant of reformation is necessarily predicated upon a prior understanding between all parties on essential terms. Otherwise, there would be no standard to which an instrument could be reformed.

[*Pearson v. Winfield*, 160 Ind. App. 613, 618-19, 313 N.E.2d 95, 99 (1974).]

(Footnote and some citations to authority omitted.) The Court added that "a party seeking reformation must also show the original intent or agreement of the parties by clear and convincing evidence." *Id.* at 159. Thus, in order to prevail, it was incumbent upon Beneficial to prove by clear and convincing evidence that the original intent of Beneficial and the Hattons was to describe a different piece of real estate than that which was in fact described in the mortgage instrument.

Foreshadowing what perhaps would have been the dispositive issue at trial, the following comment made by the trial court before announcing its decision to grant the motion to dismiss best illuminates its reasoning: "The issue now is how do you establish mutual mistake … if the key party is not alive?" *Appellant's Appendix* at 161. It seems, therefore, that the trial court was looking ahead to trial on the merits to determine whether Beneficial could marshal the facts necessary to prove its case. Of course, this was not yet required of Beneficial. This lawsuit never proceeded to the point that Beneficial was put to its proof.

6

Instead, the trial court dismissed the complaint before entertaining evidence upon its determination that the allegations in Beneficial's complaint do not establish any set of circumstances under which Beneficial would be entitled to relief. We shall review the trial court's ruling by considering each count of the complaint separately and in order.

Beginning with Count I, Beneficial acknowledged in its complaint that the legal description of the subject property, as reflected in the mortgage document, was erroneous. It then alleged that the misdescription was the product of a mutual mistake on the parts of both the Hattons and the original lender (and Beneficial's predecessor in interest), Beneficial Mortgage Co. of Indiana. Finally under Count I, the complaint sought to reform the mortgage document and correct the erroneous description of the property. Reformation of this kind is permitted, but only when the party seeking to reform the instrument establishes by clear and convincing evidence that the misdescription resulted from fraud or a mutual mistake. *See Meyer v. Marine Builders, Inc.*, 797 N.E.2d 760 (Ind. Ct. App. 2003). There is no allegation in the present case that fraud was involved; Beneficial alleged only mutual mistake.

The basis upon which Benefical sought reformation, i.e., mutual mistake, arises if "there has been a meeting of the minds, an agreement actually entered into, but the document in its written form does not express what the parties actually intended." *Id.* at 772 (quoting *Plumlee v. Monroe Guar. Ins. Co.,* 655 N.E.2d 350, 356 (Ind. Ct. App. 1995), *trans. denied*). In a reformation action, the intent of the parties controls. *Meyer v. Marine Builders, Inc.*, 797 N.E.2d 760. In determining the intent of the parties, courts must look to the parties'

7

conduct during the course of the contract. *Id.* This requires the presentation of evidence, the substance of which we need not, and indeed may not, speculate about or consider at this point in the proceedings.[3] At this stage, we are concerned only with whether Beneficial has stated a claim upon which relief can be granted. It has.

The law clearly recognizes a cause of action to reform a mortgage contract to correct a mutual mistake on the part of the parties to the contract so that the modified mortgage contract expresses what the parties actually intended. *See McCasland v. Aetna Life Ins. Co.*, 108 Ind. 130, 9 N.E. 119, 119 (1886) ("[w]here a mistake in the description of mortgaged lands is carried into the decree of foreclosure, it may be corrected by reforming and re-foreclosing the mortgage"); *see also*, e.g., *Citizens' Nat. Bank of Attica v. Judy*, 146 Ind. 322, 43 N.E. 259, 261 (1896) ("[i]t is settled law that, when it appears that, by the mutual mistake of all the parties to a mortgage as to a matter of fact, the instrument does not express their agreement, a court of equity will reform the instrument by correcting such mistake"). The question whether a petitioner can establish the requisite mutual mistake so as to justify reformation of a mortgage may be answered only after the presentation of evidence. Beneficial alleged that the Hattons had delivered a mortgage to its predecessor in interest, and that the legal description of the real estate addressed therein was erroneous in that it did not describe the piece of real estate that both parties intended to be the subject of the

---

[3] Such evidence would center upon words and conduct of the parties that would support a reasonable inference that the Hattons and the lender both intended that their transaction involved the same piece of property, and that property was not the one described in the mortgage documents. *See, e.g.*, *Estate of Reasor v. Putnam Cnty.*, 635 N.E.2d at 161 n.9 ("[w]e note also that in a reformation case such as this where the deeds are inadequate or ambiguous, the factfinder should consider, together with parol and other evidence of the original intent of the parties, what land the parties currently occupy or have occupied in the past").

8

mortgage. Beneficial attached to its amended complaint a copy of said mortgage, a copy of what Beneficial alleged was the correct legal description of the subject property, and a copy of a 1972 warranty deed conveying the subject property to the Hattons, including the correct legal description of the property located at 4003 W. 113th Avenue in Crown Point, Indiana.[4]

By definition, an action to reform a mortgage involves a mortgage that is faulty in some manner. One manner in which the mortgage may be faulty is that it may contain an incorrect description of the subject property. *See, e.g., McCasland v. Aetna Life Ins. Co.*, 108 Ind. 130, 9 N.E. 119. When that is the case, the law permits reformation of the mortgage so long as the movant establishes by clear and convincing evidence that the error was the product of fraud or a mutual mistake. If Beneficial were not allowed to proceed beyond the filing of a complaint merely because the description of the property is erroneous, then the viability of *any* mortgage reformation action based upon a misdescription of the subject property is called into question, and indeed perhaps rendered impossible. The illogic of this result is obvious. Beneficial must be permitted the opportunity to prove that a mutual mistake occurred in its mortgage with the Hattons.

---

[4] Although we hold that this evidence by itself was certainly sufficient to survive a motion to dismiss under T.R. 12(B)(6), we note that in response to Hatton's motion to dismiss, Beneficial also presented other evidence bearing on the question of which property the parties originally intended to be the subject of the mortgage. This included: 1) a real estate appraisal; 2) a second real estate appraisal; 3) a HUD-1 settlement statement; 4) a loan application; and, 5) a loan approval form. All of these documents indicated on their face that they pertained to the parcel of real property located at 4003 W. 113th Ave., in Crown Point, Indiana. We need not consider this evidence in resolving the issue of the correctness of the trial court's dismissal under T.R. 12(B)(6), but we note that such evidence would seem to be compelling on the question of the identity of the real estate that the parties originally intended to be the subject of this mortgage.

2.

Hatton argued before the trial court that Beneficial's complaint should be dismissed under T.R. 12(B)(6) for a second reason, i.e., that Beneficial failed to prove it had an interest in the Property as a successor in interest to Beneficial Mortgage Co. of Indiana. According to Hatton, Beneficial's complaint "is founded on the contract and alleged assignment between Beneficial Mortgage Co. of Indiana and Beneficial Inc." *Appellee's Appendix* at 9. As such, according to Hatton, pursuant to Indiana Trial Rule 9.2(A), Beneficial was required to attach a copy of the assignment of the Hatton mortgage between Beneficial Financial I and Beneficial Mortgage Co. of Indiana. Because the order dismissing Beneficial's complaint did not specify the grounds for the ruling, it is not clear whether the trial court found this argument persuasive. We address the argument to clarify that it is without merit.

Pursuant to Ind. Code Ann. § 23-1-40-6(a)(2) (West, Westlaw current with all 2013 legislation), "When a merger takes effect: … the title to all real estate and other property owned by each corporation party to the merger is vested in the surviving corporation without reversion or impairment[.]" In other words, the surviving corporation assumes the liabilities and assets of the subsumed corporations *as a matter of law* when the merger is completed. Among other things, this obviates the necessity of creating a separate instrument reflecting the change in ownership of each such liability and asset. Indeed, as Beneficial notes, no such assignment document currently exists, or ever did. Put simply, Beneficial needs no documentation proving the assignment of interest in the Hatton mortgage from Beneficial Mortgage Co. of Indiana to Beneficial Financial I, apart from proof of the merger. Beneficial

attached to its amended complaint a Certificate of Notice of Merger issued by the office of Indiana's Secretary of State and reflecting that Beneficial Mortgage Company of Indiana merged with Beneficial Financial I, and that the former was a nonsurviving entity and the latter was the surviving entity. This was sufficient to prove Beneficial's interest in the mortgage.

In summary, Beneficial's complaint, complete with its attached materials, was sufficient to state a claim, thus rendering dismissal under T.R. 12(B)(6) erroneous. Moreover, Beneficial's proof of status as surviving entity in its merger with Beneficial Mortgage Company of Indiana was sufficient to establish its standing to pursue an action to foreclose the security interest set out in the mortgage. This cause is remanded with instructions to reinstate Beneficial's complaint for damages.

Judgment reversed and remanded.

BAKER, J., and VAIDIK, J., concur.